456 So.2d 1320 (1984)
Karen GIBSON, Petitioner,
v.
Stephen Carlyle GIBSON, Respondent.
No. 83-2144.
District Court of Appeal of Florida, Fourth District.
October 10, 1984.
*1321 Catherine Rafferty of Miller & Squire, Chartered, Fort Lauderdale, for petitioner.
Richard L. Polin, Lauderhill, and Beverly L. Vesel, Margate, for respondent.
ANSTEAD, Chief Judge.
We treat the notice of appeal as a petition for writ of certiorari and grant the petition. In doing so, we direct the trial court to permit the attendance of a court reporter at the court-ordered psychiatric examination of the petitioner. Since the trial court has already authorized the attendance of counsel for both sides at the examination, we can see no basis for refusing petitioner's request to have a reporter in attendance.
In overturning the trial court's decision, we find ourselves more in agreement with the dissent rather than the majority opinion set out in Edwards v. Superior Court of Santa Clara County, 16 Cal.3d 905, 549 P.2d 846, 130 Cal. Rptr. 14 (1976), the primary authority relied upon by the respondent to deny the petitioner the right to have a court reporter, or some other suitable recording device, available at the compulsory psychiatric examination ordered by the trial court on motion by the respondent. In our view the petitioner should have the right, where the means are available as they are here, to preserve by objective means the precise communications that occur during the course of the examination. Any concerns about rapport and candor should give way to this right since otherwise the petitioner will be compelled to challenge the credibility of the examiner should a dispute later arise as to what took place. Such a dispute would be obviated by the presence of a means of recording the interview. Both the examiner and patient should benefit by the objective recording of the proceedings, and the integrity and value of the examination as evidence in the judicial proceedings should be enhanced.
It is important to note also, that it is the privacy of the petitioner that is involved, not that of the examiner, and if the petitioner wants to be certain that this compelled, although admittedly reasonable, intrusion into her privacy be accurately preserved, then she should be so entitled. There is no reason why the reporter, like a mechanical device used for the same purpose, should interfere with the process. Indeed, the presence of the reporter should relieve any anxiety the petitioner may have as to her responses to the inquiries made being received and recorded accurately by the examining physician.
The petition for writ of certiorari is granted and the trial court is directed to enter an order in accord with this opinion.
DOWNEY, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
This is an appeal from that part of a non-final order disallowing the presence of a court reporter during the psychological examination of the appellant wife involved in a dissolution action. We have appropriately treated the matter as a petition for writ of certiorari; however, I would deny the petition, thus occasioning this respectful dissent.
My position would undoubtedly be stronger if the two lawyers were not authorized to be present during the psychological examination. Judges Anstead and Downey conclude that so long as there is intrusion, it is better that there also be present someone to take down verbatim everything that is said. I disagree in that I feel (1) the discretion of the trial judge is and ought to *1322 be broad enough to decide who if anyone other than physician and examinee may be present, and (2) a court reporter taking down everything being said is more intrusive than the presence of both counsel.
It occurs to me that a verbatim report in a situation like this may be likened to a trial transcript before an appellate court. An appellate court can determine procedural error and the like from a transcript, but may not reweigh the evidence, because unvocalized aspects of the trial  e.g., demeanor of witnesses  have not been recorded. Here, the expert may be likened to the trial judge. The expert's determination of the emotional condition of the examinee is based not merely on what she says but also on her demeanor and perhaps on what she does not say. Is the trial court to second guess whether the expert's testimony or report is trustworthy on the basis of what the examination transcript states? If so, the trial court must be a mental health expert, more competent than the psychiatrist or psychologist, for the trial court can evaluate the test results without witnessing the examinee's conduct. If the trial court should not use the transcript of the examination this way, what will the reporter's presence accomplish that the presence of counsel will not?
I think it would be better if no third persons were present during the examination, but it is not wise to suppose that to admit two extra people without admitting a third is arbitrary. Each additional person is an added intrusion, changing the climate of the examination; and the presence of one who is obviously making a verbatim record may invalidate the examination entirely. The reporter's presence would be both intrusive and obtrusive.
Although there is no analysis by a Florida court of this question, Florida Rule of Civil Procedure 1.340 is virtually identical with Section 2030(a), California Civil Procedure Code on which Edwards v. Superior Court of Santa Clara County, 16 Cal.3d 905, 549 P.2d 846, 130 Cal. Rptr. 14 (1976) is based. The issue before the California Supreme Court in Edwards was whether the plaintiff in a personal injury action may insist on the presence of his attorney during a psychiatric examination by the defendant's psychiatrist.[1] The court ruled that only the examinee and the examiner should be present during such an examination. In response to the plaintiff's insistence on her attorney's presence the defendant's psychiatrist maintained he could not conduct a proper and accurate psychiatric examination if plaintiff's attorney were present, for the attorney's presence would necessarily distort and impair the clinical picture. The trial court granted the defendant's motion for an order to compel the plaintiff's examination with her attorney absent. In a majority opinion the California Supreme Court distinguished cases such as Sharff v. Superior Court, 44 Cal.2d 508, 282 P.2d 896 (1955) (en banc) (plaintiff in personal injury case need not submit to physical examination by defendant's physician without presence of plaintiff's attorney), and Gonzi v. Superior Court, 51 Cal.2d 586, 335 P.2d 97 (1959) (plaintiff entitled to presence of reporter during physical examination by defendant's physician to insure accurate reporting of the examination) on the ground those cases involved physical examinations rather than a psychiatric examination. Id., 16 Cal.3d at 909, 549 P.2d at 848, 130 Cal. Rptr. at 16. The Edwards court said because a psychiatric examination requires a special and private rapport it is better not to have persons present other than the examiner and the examinee. Id. at 910, 549 P.2d at 849, 130 Cal. Rptr. at 17. The presence of someone the examinee knew was making a verbatim recording of her statements could make the examinee defensive and might thus interfere with the examination's effectiveness. Id. The court pointed out the plaintiff/examinee had available numerous procedural safeguards to assure accuracy in the reporting of the examination or otherwise *1323 protect the plaintiff's legitimate interests: (1) Through pretrial discovery, her counsel could obtain in full the examiner's notes and records of the examination (2) the examiner could be deposed, and at deposition her counsel could (a) exhaustively challenge questions and answers that were included in the examination as well as the examiner's conclusions, and (b) have present her own psychiatric expert to prompt items of inquiry; and (3) at trial, her counsel could (a) by voir dire and motions exclude or limit statements of the client to be put into evidence, (b) introduce contrary evidence, and (c) cross-examine the expert  again, if desired, with the advice of plaintiff's own expert. Id. at 912, 549 P.2d at 850, 130 Cal. Rptr. at 18. The Edwards court's holding was influenced by the procedural posture of the case, where plaintiff's psychiatrist had worked with her for months or years whereas the defendant had to get an evaluation in a short period of time, but this was evidently not the predominant factor behind the holding; the court said fairness in relation to this circumstance fortified the court's conclusions. Id. The Edwards court noted, in the context of a different issue, that under the pertinent California rule of procedure the fixing of conditions for the conduct of a pretrial psychiatric examination was entrusted to the sound discretion of the trial court. Id. at 913, 549 P.2d at 851, 130 Cal. Rptr. at 29. Logically, said the court, a psychiatric examination of a party in a civil case should ordinarily be conducted without counsel if the examination is to be an effective and meaningful device for ascertaining the truth. Id. at 910, 549 P.2d at 849, 130 Cal. Rptr. at 17.
In Florida, too, the trial court has discretion to decide whether or not to permit a court reporter's presence at a psychiatric examination. The California Supreme Court's rationale for its holding in Edwards is very persuasive, and seems equally appropriate to a case where psychological examination is to assist in determining with which parent children of a dissolved marriage should be primarily domiciled.
It is noted that the California Supreme Court said only that ordinarily there should be no third persons present during a psychiatric examination. There are circumstances under which the trial court, exercising its sound discretion, could find such a presence desirable. In the instant case the trial court found it appropriate for the attorneys to be present. In my opinion, it did not abuse that discretion by excluding the court reporter.
NOTES
[1] In the present case the trial court has permitted the parties' attorneys to be present during the examination.