498 So.2d 1378 (1986)
Karen Dawn BARTELL and Michael Bartell, Her Husband, Petitioners,
v.
Norman S. McCARRICK and Hermina Ray McCarrick, Respondents.
No. 4-86-1454.
District Court of Appeal of Florida, Fourth District.
December 24, 1986.
*1379 Robert C. Rogers, Jr., of Lawrence J. Bohannon, P.A., Fort Lauderdale, for petitioners.
James T. Sparkman of Hill, Neale and Riley, Fort Lauderdale, for respondents.
DOWNEY, Judge.
Petitioners, Karen Dawn Bartell and Michael Bartell, are plaintiffs in a suit against respondents, as defendants, arising out of an automobile accident in which Karen sustained personal injuries. Upon motion of respondents, the trial court ordered Karen to submit to a compulsory physical examination by Dr. Robert Rieman, upon reasonable notice. When Karen appeared for the scheduled examination, together with a representative from her attorney's office, Dr. Rieman canceled the examination. Respondents moved for another order for compulsory examination, which was granted, but it precluded Karen from being accompanied by a representative from her attorney's office. Karen seeks certiorari review of said order.
We grant the petition for writ of certiorari and quash the decision of the circuit court and remand the cause for further consideration consistent with this opinion. We have exercised our discretion to grant the petition for certiorari, as we did in Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984), because we perceive that it may be impossible for petitioners to sufficiently demonstrate prejudice to rectify any error on plenary appeal.
Our review of the cases, state and federal, indicates the general rule is that allowing the attendance of a third party at a court ordered medical examination is a matter within the sound judicial discretion of the trial judge. There are a variety of situations that do not lend themselves to a hard and fast rule, such as language barriers, the inability to engage any medical examiner who will perform the examination in the presence of a third person, the particular psychological or physical needs of the patient, or the customs and practices of the bar and medical profession in the area. Trial judges are in the best position to make those decisions on a case by case basis. It should be kept in mind, however, that, absent any valid reason to prohibit the presence of a patient's counsel or other representative, their presence should be allowed. The burden of proof rests with the party opposing third party attendance to show why the court should deny the examinee's right to have counsel, a physician or other representative present. As this court said in Gibson v. Gibson, 456 So.2d 1320, 1321 (Fla. 4th DCA 1984), a case in which we held that the presence of a court reporter should have been allowed at a psychiatric examination: "It is important to note also, that it is the privacy of the petitioner that is involved, not that of the examiner, and if the petitioner wants to be certain that this compelled, although admittedly reasonable, intrusion into her privacy be accurately preserved, then she should be so entitled." The decision in that case was made easier by the fact that the trial court *1380 had already provided for counsel for both parties to attend the examination; thus, the court reporter's attendance did not seem untoward. But, going a step further, we hold that the entire matter is governed by the trial court's informed judicial discretion.
Two cases from other jurisdictions typify what we consider to be the general rule. For example, in Sharff v. Superior Court of the City and County of San Francisco, 44 Cal.2d 508, 510, 282 P.2d 896, 897 (1955), the court held:
Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination. See Williams v. Chattanooga Iron Works, 1915, 5 Tenn. Civ.App. 10, 20-21, affirmed 131 Tenn. 683, 176 S.W. 1031.
It is argued that an attorney, by making groundless objections, may hinder an examination thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should such interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained.
To like effect is Jakubowski v. Lengen, 86 A.D.2d 398, 450 N.Y.S. 612, 614 (N.Y. App. Div. 1982), wherein the court said:
A physician selected by defendant to examine plaintiff is not necessarily a disinterested, impartial medical expert, indifferent to the conflicting interests of the parties. The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions. This is not to suggest that counsel may interfere with the conduct of the physical examination or that the examining room should be turned into a hearing room with lawyers and stenographers from both sides participating. The lawyer's role at the physical examination should be limited to the protection of the legal interests of his client apart from the actual physical examination in which he has no role. If the attorney's participation intrudes upon the examination, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his examination. Whether to invoke conditions must be considered in the light of the facts and circumstances of each case.
For two related annotations on the general subject see Annot., 64 A.L.R.2d 497 (1959) and Annot. 7 A.L.R.3d 881 (1966).
In the present case, the trial court originally provided for the plaintiff's counsel to attend. After the doctor canceled the examination, apparently based upon the third person's attendance, the trial court entered the order under review and prohibited any third party attendance.
On remand, we suggest the trial court reconsider this matter in the light of this opinion and determine whether it is imperative that Dr. Rieman perform the examination or whether other doctors are available to do so with counsel or a representative present. Once again, the decision is up to the trial judge in the exercise of his discretion based upon the facts and circumstances of the case.
WALDEN and STONE, JJ., concur.