509 So.2d 385 (1987)
Muriel E. HIGH, Petitioner,
v.
Allean BURRELL, Respondent.
No. 87-340.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
Clifford D. Edelston and John S. Plummer, of Gurney & Handley, P.A., Orlando, for petitioner.
Robert D. Melton of Robert D. Melton, P.A., Orlando, for respondent.
James F. McKenzie and Daniel M. Soloway, of McKenzie & Associates, P.A., Pensacola, Attorneys for Academy of Florida Trial Lawyers, amicus curiae.
SHARP, Judge.
High, a defendant in a personal injury case arising out of a motor vehicle accident, petitions this court for a writ of certiorari[1] to review and quash a discovery order insofar as it allows counsel for both parties and a court reporter to be present at a compulsory physical examination of the plaintiff, Burrell, pursuant to Florida Rule of Civil Procedure 1.360(a). Although the trial court permitted third party attendance at the examination as requested by the plaintiff, it specifically ordered counsel not to interfere with the examination. We approve the trial court's order and therefore deny the petition.
We think this case should be decided on the basis articulated in Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986). In Bartell, the Fourth District overturned the trial court's ruling that no third parties would be allowed to attend the plaintiff's *386 compulsory medical examination. It stated that because of the variety of possible situations there can be no hard and fast rule, but generally speaking, the presence of a patient's counsel or other representative at a compulsory examination should be allowed. It quoted from an earlier case, Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984):
It is important to note, also, that it is the privacy of the petitioner that is involved, not that of the examiner, and if the petitioner wants to be certain that this compelled, although admittedly reasonable, intrusion into her privacy be accurately preserved, then she should be so entitled.
Id. at 1321. In Gibson, as in the instant case, the court provided for a court reporter as well as counsel for both parties to attend the examination.
Florida Rule of Civil Procedure gives a trial court authority to order a party to submit to a physical or mental examination by a physician. The rule states that the trial court shall specify the time, place, manner, conditions and scope of the examination. Therefore, it seems that the presence of third parties at a compulsory examination is a matter that rests in the sound discretion of the trial court. In some situations, the trial court may determine that the presence of third parties would be harmful. For example, when a psychiatric examination is ordered, the trial court may determine that the presence of third parties would impede the psychiatrist's efforts to analyze the examinee's mental condition. See Edwards v. Superior Court of Santa Clara County, 16 Cal.3d 905, 130 Cal. Rptr. 14, 549 P.2d 846 (Cal. 1976). On the other hand, in certain situations the trial court may determine that the presence of third parties will ensure fairness.
In the instant case the petitioner-defendant has not met her burden of demonstrating that the trial court departed from the essential requirements of law. The Bartell case supports the trial court's order, and the order is reasonable. Attorneys for both parties are permitted to be present at the physical examination, but have been specifically instructed not to interfere with the examination. The portion of the order permitting the court reporter to be present is likewise reasonable since the examinee, whose privacy is being invaded, requested the court reporter. See, Gibson, supra. Therefore, the petition for certiorari is denied.
DENIED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] See Fla.R.App.P. 9.030(b)(2).