547 So.2d 275 (1989)
Jack STAKLEY and Glennis Stakley, Husband and Wife, Petitioners,
v.
ALLSTATE INSURANCE COMPANY, a Corporation, Respondent.
No. 89-00469.
District Court of Appeal of Florida, Second District.
August 2, 1989.
David R. Linn of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for petitioners.
Nancy A. Lauten and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for respondent.
PER CURIAM.
Jack and Glennis Stakley seek a petition for writ of certiorari to review the circuit court's order prohibiting the presence of a court reporter at the compulsory physical examination of Jack Stakley. We grant the petition.
The Stakleys filed suit for underinsured motorist benefits against Allstate Insurance Company for injuries received by Jack Stakley in a motor vehicle accident. Allstate filed its motion for a compulsory physical examination of Jack Stakley, which was granted by the court.[1] The circuit judge denied the Stakleys' request that a court reporter be present at the examination. The judge stated that it was his policy to not permit court reporters to be present at such examinations. We find that the judge's blanket policy is a departure from the essential requirements of law.
Florida Rule of Civil Procedure 1.360 provides a means by which the court may limit the presence of third parties at examinations should their presence be harmful. Rule 1.360(a)(3) provides "[U]pon request of either party requesting the examination, or the party or person to be examined, the court may establish protective rules governing such examination." The burden of proof rests with the party opposing third party attendance to show why the court should deny the examinee's right to have counsel, a physician or other representative present. Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986). The record in this case reveals that Allstate did not even object to Stakley's request.
Absent any valid reason to prohibit the presence of a third party, their presence should be allowed. In Gibson v. Gibson, 456 So.2d 1320, 1321 (Fla. 4th DCA 1984) the court stated:
It is important to note, also, that it is the privacy of the petitioner that is involved, not that of the examiner, and if the petitioner wants to be certain that *276 this compelled, although admittedly reasonable, intrusion into her privacy be accurately preserved, then she should be so entitled.
Accordingly, we grant the petition and quash the order of the circuit court. Should Allstate believe that protective rules for the examination are necessary, it may file the appropriate motion pursuant to rule 1.360.
SCHEB, A.C.J., and SCHOONOVER and PATTERSON, JJ., concur.
NOTES
[1] Subsequent to the filing of Allstate's motion, Florida Rule of Civil Procedure 1.360 was substantially revised. Among other matters, a court order is no longer required for examination by a qualified expert.