576 So.2d 1377 (1991)
Henry COLLINS and S'Ade Simmons, Minor Children, BY and through Their Natural Guardian and Next Friend, Juanita BURTON, and Juanita Burton, Individually, Petitioners,
v.
Karl Ronnie SKINNER and Connie Skinner, Respondents.
No. 91-00337.
District Court of Appeal of Florida, Second District.
April 5, 1991.
Frank E. DePena of DePena & DePena, P.A., Fort Myers, for petitioners.
No appearance for respondents.
PER CURIAM.
All three petitioners seek review of the circuit court's order prohibiting the presence of a court reporter at each of their compulsory physical examinations. We grant certiorari.
In this personal injury case, respondents, the defendants, requested physical examinations of the petitioners, the plaintiffs, in accordance with Florida Rule of Civil Procedure 1.360. The petitioners timely served a written response making several objections and requesting the presence of a court reporter to preserve the communications between the petitioners and the physician during the course of the examinations. The respondents objected to the request because their selected physician refused to conduct the examinations in the presence of a court reporter and because the court reporter would interfere with the examinations. The trial court ordered the examinations take place without a court reporter being present, apparently for the reason that the court reporter could not transcribe the demeanor of the examinees or the physician.
Rule 1.360(a)(3) permits the trial court to establish protective rules for compulsory examinations at the request of either party. The burden of proof to show why the examinee's entitlement to the presence *1378 of a third party should be denied, however, lies with the party opposing the third party's attendance. Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989); Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986). Absent a valid reason for denial, the examinee's request should be upheld. Stakley; Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984).
The court reporter's potential interference with the examinations is not a valid reason. As the court stated in Gibson, "[t]here is no reason why the reporter, like a mechanical device used for the same purpose, should interfere with the process." 456 So.2d at 1321. Although the trial court was correct in observing that the court reporter cannot transcribe the examinee's or the physician's tone of voice or facial expressions, this inability is not a valid reason for denying the examinee's request for a court reporter's presence.
The petition for writ of certiorari is granted; that portion of the order prohibiting the court reporter's presence is quashed. We remand for the trial court to reconsider whether other physicians are available who will examine the petitioners with a court reporter present.
RYDER, A.C.J., and DANAHY and PATTERSON, JJ., concur.