581 So.2d 952 (1991)
Jose A. TOUCET, Petitioner,
v.
BIG BEND MOVING & STORAGE, INC., a Florida corporation, et al., Respondents.
No. 91-177.
District Court of Appeal of Florida, First District.
June 13, 1991.
V. James Facciolo of Kent, Hayden, Facciolo, & McMorrow, P.A., Jacksonville, for petitioner.
Noah H. Jenerette, Jr., of Boyd & Jenerette, P.A., Jacksonville, for respondents.
ZEHMER, Judge.
Jose Toucet petitions the court for a writ of certiorari to review a nonfinal order denying his motion for a protective order in respect to a medical examination by Doctor E. Reid McAuley, an orthopedic specialist, at the request of the respondents in this personal injury action filed by petitioner. Petitioner argues that the trial court departed from the essential requirements of the law in two respects in denying his motion for protective order: (1) that respondents failed to demonstrate good cause for the physical examination as required by rule 1.360, Florida Rules of Civil Procedure; and (2) that the trial court erred in refusing to permit petitioner's attorney to be present during the examination. He further argues that there is no adequate remedy by appeal after final judgment. Respondents do "not dispute that this Court's certiorari jurisdiction may be invoked to review the trial court's order in this case." For the reasons hereafter stated, we grant the petition and quash the *953 order to the extent that it precludes counsel from being present during the physical examination.
We find no error in the court's ruling to permit the physical examination of petitioner by Dr. McAuley. Claimant's medical condition is in issue in this case, and all of the physicians previously examining and treating petitioner have been selected by him. We find no departure from the essential requirements of the law in permitting this examination. Petitioner argues that in showing the good cause required by rule 1.360, "the ability of the movant to obtain the desired information by other means is also relevant," citing Schlangenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). We reject petitioner's argument that respondent has failed to demonstrate the "good cause" required by the rule since the medical information to be developed through Dr. McAuley's examination can be obtained from the numerous physicians who have already examined and treated petitioner. If this argument demonstrates a departure from the essential requirements of law, it is doubtful that a defendant would be entitled to obtain a physical examination of a plaintiff in most any personal injury action; the treating physicians nearly always have the relevant information concerning the plaintiff's medical condition. We are not aware of any legal authority espousing such a rigid rule, and petitioner cites us to none. Whether to permit or not permit the respondent's requested examination under this rule is a matter of discretion which has not been abused in this instance.
We conclude that the trial court departed from the essential requirements of law in precluding petitioner's attorney from being present at the physical examination. In Collins v. Skinner, 576 So.2d 1377, 1378 (Fla. 2d DCA 1991), the second district stated the applicable rule as follows:
Rule 1.360(a)(3) permits the trial court to establish protective rules for compulsory examinations at the request of either party. The burden of proof to show why the examinee's entitlement to the presence of a third party should be denied, however, lies with the party opposing the third party's attendance. Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989); Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986). Absent a valid reason for denial, the examinee's request should be upheld. Stakley; Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984).
The court, applying that rule, granted certiorari and quashed the trial court's order denying the plaintiffs' request to have a court reporter present at medical examinations requested by the defendants to preserve the communications between the plaintiffs and the physician during the course of the examination, stating:
The court reporter's potential interference with the examinations is not a valid reason [to deny the request]. As the court stated in Gibson, "[t]here is no reason why the reporter, like a mechanical device used for the same purpose, should interfere with the process." 456 So.2d at 1321. Although the trial court was correct in observing that the court reporter cannot transcribe the examinee's or the physician's tone of voice or facial expressions, this inability is not a valid reason for denying the examinee's request for a court reporter's presence.
Ibid. The rationale for permitting the presence of a party's counsel was described in Bartell v. McCarrick, 498 So.2d 1378, 1380 (Fla. 4th DCA 1986), as follows:
"Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination." [Citations omitted].
* * * * * *
"It is argued that an attorney, by making groundless objections, may hinder an examination thereby depriving the defendant of the benefit of an informed medical *954 opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should this interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained." [Citations omitted].
* * * * * *
... The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions. [Citations omitted].
Applying this rationale, we likewise see no valid reason to preclude the presence of petitioner's attorney during the physical examination by Dr. McAuley. The attorney's reasons for this request were stated at the hearing:
I know from past experience one of the things that Dr. McAuley does customarily is, he brings  after he examines the patient he brings the patient into his office and sits down and has a 15 or 20 minute discourse with the patient concerning a wide range of things: What's happened to the patient in the past, his, you know, anything that happens to occur to Dr. McAuley to ask, he will ask it of the patient. And we have seen it in the past, two, three, and four page dissertations of the, quote, "history"  if you use that term in a very broad sense  that he took from the patient. The history may include the accident, liability issues, patient's past employment, all sorts of things that aren't medical examinations . ..
... I want to be present not for that part of the examination when the doctor says "bend over, tell me where it hurts, lift your arm, tell me when it hurts, turn your head, tell me when it hurts," that sort of thing. I want to be present for any conversations at which the doctor becomes interrogator, i.e., Mr. Jenerette's alter ego in the examining room or in his office.
(P. app. 7-10). The only reason given by respondents for precluding the attorney's presence is that it "just, I think, destroys the give and take that would exist in a normal examination by a doctor. * * * To have Mr. Facciolo sitting there and saying what the doctor can't ask about or what he can ask about, I think just destroys the whole rapport between these people." Respondents' counsel also pointed out that any testimony by Dr. McAuley based on improper questions could be dealt with if presented during trial. These objections simply do not carry the burden placed on the objecting respondents under the rule stated in Collins v. Skinner. There is no basis in this record for concluding that petitioner's attorney would be disruptive of the examination, and the court may protect against that by provision in the order. See High v. Burrell, 509 So.2d 385 (Fla. 5th DCA 1987), in which the court denied a petition for certiorari and approved a protective order authorizing a court reporter and the parties' attorneys to be present at their physical examination with the proviso that the attorneys not interfere with the examination. Therefore, we conclude that the trial court's order departs from the essential requirements of law in denying petitioner's request that his attorney be present at the physical examination.
The petition for writ is certiorari is granted, and the order denying petitioner's motion for protective order is approved in part and quashed in part for the reasons stated in this opinion.
BARFIELD and WOLF, JJ., concur.