588 So.2d 1056 (1991)
Eduardo MEDRANO and Jessica Medrano, his wife, Petitioners,
v.
BEC CONSTRUCTION CORPORATION, Respondent.
No. 90-1211.
District Court of Appeal of Florida, Third District.
November 12, 1991.
Green, Kahn & Piotrkowski, and Robert B. Miller, Miami Beach, for petitioners.
Gaebe, Murphy, Mullen & Antonelli, and Gregor Morris Gaebe and Anthony Dimatteo, West Palm Beach, for respondent.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
Eduardo and Jessica Medrano, plaintiffs below, petition for a writ of certiorari to quash a trial court order limiting attendance at an independent medical examination. We deny the petition.
Eduardo Medrano and his wife Jessica brought suit against BEC Construction Corp. for serious personal injuries suffered by Eduardo, and loss of consortium suffered by Jessica. BEC scheduled a neuropsychology assessment for Eduardo at the University of Miami Department of Neurology. Plaintiffs do not dispute BEC's entitlement to this independent medical examination.[1]
Insofar as pertinent here, plaintiffs initially requested that counsel for plaintiffs be allowed to attend and/or that the examination be videotaped. BEC had no objection of its own to that procedure and so advised plaintiffs. However, the University of Miami physician objected in essence that the presence of any third person at the examination (including the videotape operator) would affect its validity. The physician *1057 agreed to make an audio recording of the examination, since the physician could herself operate the audio recording equipment without the presence of third persons. She objected, however, to video recording since that would require the presence of an operator, and objected to the presence of plaintiffs' counsel. The physician indicated that she would not perform the examination if third persons were present.
BEC filed a motion to exclude third persons from attending the examination. The trial court granted the motion. As subsequently clarified, the court ordered that audio recording take place and denied plaintiffs' request that a videotape be made. The Medranos have petitioned for a writ of certiorari, arguing that they were entitled either to have a videotape made, or alternatively to have the examination attended by plaintiffs' counsel and a court reporter.[2]
Discovery rulings are addressed to the sound discretion of the trial court. In this case the University of Miami experts have set forth specific objections to the presence of third persons, based on professional standards. Their objections pertain to the methodology for administering the examinations and the validity of the examination if the methodology is not followed. The trial court exercised its discretion by excluding third persons but requiring an audio tape. The audio tape was designed to create a record for plaintiffs to use so as to allow plaintiffs to be satisfied that no questions were asked which were impermissible. See generally Toucet v. Big Bend Moving & Storage, Inc., 581 So.2d 952, 953-54 (Fla. 1st DCA 1991).[3] We conclude that the trial court ruled within the bounds of sound discretion, and did not depart from the essential requirements of law.
At argument plaintiffs suggested that the competing interests could more appropriately be balanced by use of a nonintrusive videotaping procedure which would not require the presence of an operator. This court's denial of certiorari is without prejudice to plaintiffs to propose such a procedure, and the experts to respond to same.[4]
Certiorari denied.
NOTES
[1] There had been a previous independent medical examination of Eduardo which had been attended by plaintiffs' counsel. The physician had recommended the neuropsychological examination.
[2] The parties have not raised the question of whether it was defendant's burden to persuade the court to exclude third persons, or plaintiffs' burden to establish third persons' right to attend. This court has not previously addressed the issue, and we do not need to do so in this case.

Several Florida districts have ruled that there is a presumptive right on the part of a plaintiff to have counsel or a court reporter attend a medical or mental examination, subject to a motion to exclude. See Toucet v. Big Bend Moving & Storage, Inc., 581 So.2d 952 (Fla. 1st DCA 1991); Collins By and Through Burton v. Skinner, 576 So.2d 1377 (Fla. 2d DCA 1991); High v. Burrell, 509 So.2d 385 (Fla. 5th DCA 1987); Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986).
The federal courts and a number of jurisdictions hold that an examination is presumptively private, subject to plaintiff's establishing a right to have counsel attend. See, e.g., 8 C. Wright & A. Miller, Federal Practice & Procedure § 2236 (1970) and cases cited therein; Annot., Right of Party to Have His Attorney or Physician, or a Court Reporter, Present During His Physical or Mental Examination by a Court-Appointed Expert, 7 A.L.R.3d 881 (1966).
[3] Should such questions be asked, they can then be addressed by motion in limine or other appropriate motion.
[4] The substance of this ruling was previously issued by unpublished order, with an indication that this opinion would follow.