JORGENSON, Judge.
F.M. and L.M., the parents and natural guardians of A.M., a minor, seek certiorari review of an order of the trial court requiring that all therapy sessions between the child and her psychologist be videotaped. For the reasons that follow, we grant the petition and quash the order under review.
Through her parents, A.M. sued Old Cutler Presbyterian Church, Inc., and the parents of Bobby Fijnje, alleging that Fijnje sexually, physically, and emotionally abused her while she was on the Church premises. A.M. has regular therapy ses *202 sions with Dr. Katherine Fitzhugh, a psychologist. The Church filed a motion to videotape Dr. Fitzhugh’s therapy sessions with A.M., arguing that such discovery was essential “to preserve the manner in which this child is interrogated and supposedly given therapy.” A.M.’s parents opposed the motion and filed Dr. Fitzhugh’s affidavit in which she averred that in her professional opinion videotaping the therapy sessions would adversely affect the child’s recovery by inhibiting her openness with her therapist and “would likely result in psychological and emotional harm to the child.” Dr. Fitzhugh further averred that it would be impossible to conceal a video camera in the setting in which the therapy sessions took place, and that videotaping the sessions would compromise therapist/patient confidentiality.
The trial court granted the Church’s motion and, by so doing, departed from the essential requirements of the law.
By bringing this suit, A.M. placed her mental state at issue and has waived her rights to confidentiality concerning her mental condition as it relates to the litigation. See Arzola v. Reigosa, 534 So.2d 883 (Fla. 3d DCA 1988); Yoho v. Lindsley, 248 So.2d 187 (Fla. 4th DCA 1971). However, even though the Church is entitled to discovery concerning A.M.’s mental state, we know of no authority that would allow such a wholesale invasion of her relationship with her treating psychologist. There is a vast difference between discovering communications between A.M. and Dr. Fitz-hugh that relate to the civil claim and allowing an adverse party to actually witness the child's regular, ongoing therapy sessions which may involve confidential communications that are tangential or not relevant to the pending litigation.[1]
The Church has available a full panoply of discovery devices to investigate A.M.’s allegations of abuse and emotional suffering and the methods used by the therapist when treating the child. It may, for example, seek a psychological evaluation of the child by either an independent examiner or its own expert, depose the treating psychologist, or depose the child herself.[2] Any of these alternatives would serve the Church’s purposes and would not pose such a direct threat to A.M.’s ongoing therapy.
Accordingly, we grant the petition, quash the order under review, and remand for further proceedings consistent with this opinion.

. In the criminal proceeding against Fijnje, a forensic psychologist conducted an interview of A.M. that was videotaped by way of a two-way mirror. That interview was conducted specifically for purposes of the criminal proceeding. Here, on the other hand, the Church seeks to "keep the camera rolling” throughout A.M.’s ongoing therapy sessions with her private psychologist. Neither our research nor that of the parties to this litigation has revealed any case on point. The lack of any such precedent is not surprising as the intrusion sought by the Church is both novel and outrageous.

. If either an independent examination or an examination by a party’s expert is undertaken, the trial court may, under the proper circumstances, allow a third party to witness that examination or order that the examination be recorded. See, e.g., Medrano v. BEC Construction Corp., 588 So.2d 1056 (Fla. 3d DCA 1991); Stakley v. Allstate Ins. Co., 547 So.2d 275 (Fla. 2d DCA 1989); Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986); Fla.R.Civ.P. 1.360(a)(3).