648 So.2d 1214 (1995)
Ellen McCLENNAN, aPPELLANT,
v.
AMERICAN BUILDING MAINTENANCE and CNA Insurance Company, Appellees.
No. 94-2373.
District Court of Appeal of Florida, First District.
January 17, 1995.
Rehearing Denied February 13, 1995.
William H. McKnight, Tampa, for appellant.
Richard T. Gurley and Joseph P. Ludovici of Fox, Grove, Abbey, Adams, Reynolds, Byelick & Kiernan, St. Petersburg, for appellees.
ALLEN, Judge.
The claimant challenges a workers' compensation order by which her attorney was precluded from attending a medical examination. Because the employer/carrier did not establish a valid reason for excluding the claimant's attorney, the judge should have permitted the attorney to attend the examination.
The employer/carrier scheduled an independent medical examination of the claimant pursuant to section 440.13(2)(b), Florida Statutes (1993). When the claimant's attorney advised the attorneys for the employer/carrier *1215 that he would attend the examination, the employer/carrier filed a motion to exclude the claimant's attorney. The judge thereafter entered the challenged order precluding the attorney's attendance.
Neither section 440.13(2)(b) nor the Florida Rules of Workers' Compensation Procedure address whether a claimant may have an attorney present during an independent medical examination. Florida Rule of Civil Procedure 1.360 contains an analogous provision for the examination of persons in civil actions, and likewise does not address whether anyone may accompany the person being examined. However, the courts have established that certain other individuals may attend a rule 1.360 examination unless the objecting party demonstrates a valid reason for exclusion. See e.g., Toucet v. Big Bend Moving and Storage, 581 So.2d 952 (Fla. 1st DCA 1991); Collins v. Skinner, 576 So.2d 1377 (Fla. 2d DCA 1991). Absent such a showing, the person being examined may therefore be accompanied by an attorney. Toucet; Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986). In both Toucet and Bartell, the courts relied on the following rationale:
Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination... .
It is argued that an attorney, by making groundless objections, may hinder an examination thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should this interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained.
... The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions.
This reasoning is equally applicable in the context of an independent medical examination under section 440.13(2)(b).
The employer/carrier assert that the attorney would be involved in an improper ex parte discussion with the physician, as prohibited by Adelman Steel Corp. v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992). But to whatever extent Adelman might otherwise apply, the attorney may still observe the examination, monitor any discussions between the physician and the claimant, and advise the claimant when necessary and proper. And, as in Toucet, there is no basis here to conclude that the attorney would be unduly distracting or disruptive of the examination. The employer/carrier have failed to demonstrate any valid reason for excluding the claimant's attorney, and the judge therefore should have permitted the attorney's attendance at the section 440.13(2)(b) medical examination.
The order is reversed and the case is remanded.
LAWRENCE and BENTON, JJ., concur.