PER CURIAM.
John and Leesa Belcher petition this court for a writ of certiorari to quash a protective order. The Belchers sought to take the deposition of Harriet L. Roberts, who is an elderly woman suffering from a level of dementia. Her guardian, Patricia Johnson, filed a motion for protective order seeking to prevent the deposition because Ms. Roberts is, to some degree, legally incapacitated. The trial court granted the protective order without an evidentiary hearing and without making a factual determination that Ms. Roberts should be disqualified to testify as a witness under section 90.603, Florida Statutes (2000). Apparently, the trial court assumed that Ms. Roberts’ incapacity for purposes of a guardianship proceeding rendered her disqualified to testify as a matter of law. Florida law, however, only disqualifies a witness under specific circumstances. See § 90.603. Under the established law, even a person who has been declared insane can be found competent to testify. See Fla. Power & Light Co. v. Robinson, 68 So.2d 406, 413 (Fla.1953).
Although an order denying discovery may rarely qualify for review by certiorari, we conclude that Ms. Roberts’ advanced age and deteriorating mental status render this a case in which review on appeal cannot provide an adequate remedy. Accordingly, we quash the protective order *423 and remand to the trial court to conduct a hearing to determine whether Ms. Roberts should be disqualified from testifying pursuant to section 90.603. ■
Petition for writ of certiorari granted.
ALTENBERND, SALCINES, and' STRINGER, JJ., Concur.