858 So.2d 1266 (2003)
Carlos E. CHAVEZ, Petitioner,
v.
J & L DRYWALL & TRAVELERS INSURANCE CO., Respondents.
No. 1D03-2471.
District Court of Appeal of Florida, First District.
November 19, 2003.
*1267 Mark L. Zientz, of the Law Offices of Mark L. Zientz, P.A., Miami, for Petitioner.
H. George Kagan, of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for Respondents.
LEWIS, J.
Petitioner, Carlos E. Chavez, petitions this Court for a writ of certiorari to review an order of the Judge of Compensation Claims ("JCC"), which granted respondents', J & L Drywall and Travelers Insurance Company, motion to compel the attendance of their attorney at petitioner's independent medical examination ("IME").[1] Concluding that the JCC's ruling is a departure from the essential requirements of law, we grant petitioner's petition and quash the JCC's order.
After petitioner filed a petition for workers' compensation benefits, respondents scheduled an IME with Dr. Fishbain, a psychiatrist, for June 11, 2003. Petitioner sought his counsel's presence at the IME without objection from either respondents or Dr. Fishbain. Respondents then filed a motion to compel with the JCC, alleging that petitioner's counsel planned to attend the IME with petitioner without their objection. Respondents requested "the opportunity to attend the [IME] to ensure that claimant's counsel does not disrupt the examination or question Dr. Fishbain improperly." After conducting a hearing, the JCC, over petitioner's objection, granted respondents' motion without setting *1268 forth the basis for such in her order. Petitioner then filed his petition for writ of certiorari with this Court. We subsequently issued a show cause order as to why the petition should not be granted, to which respondents filed a response.
It is well-established that, in order to establish an entitlement to certiorari relief, a petitioner must demonstrate that the order under review departs from the essential requirements of law and that the order will cause irreparable harm that cannot be remedied on plenary appeal. City of Jacksonville v. Rodriguez, 851 So.2d 280, 281 (Fla. 1st DCA 2003) (citations omitted). Here, petitioner has established the required element of irreparable harm because the presence of respondents' attorney at petitioner's IME could not be undone on appeal. See Taylor v. Columbia/HCA Doctors Hosp., 746 So.2d 1244, 1245 (Fla. 1st DCA 1999) (holding that with respect to physical or psychiatric examinations "the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal" and denying the petition because the petitioner had already undergone the required IME). Petitioner has also demonstrated that the JCC's order departs from the essential requirements of law as set forth herein.
A physician performing an IME in workers' compensation cases is essentially an expert witness for the party requesting the examination. See Adelman Steel Corp. v. Winter, 610 So.2d 494, 505 (Fla. 1st DCA 1992), superceded by statute on other grounds as recognized in Reed v. Reed, 643 So.2d 1180, 1182 (Fla. 1st DCA 1994). "When resort to an IME is necessary by either party, the parties' relationship is clearly adversarial...." Id. In McClennan v. American Building Maintenance, 648 So.2d 1214, 1214 (Fla. 1st DCA 1995), this Court applied the following reasoning to its analysis of whether the JCC erred in precluding the claimant's attorney from attending the claimant's IME:
Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during an examination....
It is argued that an attorney, by making groundless objections, may hinder an examination thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should this interference occur appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained.
... The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions.
(quoting Toucet v. Big Bend Moving and Storage, Inc., 581 So.2d 952, 953-54 (Fla. 1st DCA 1991); Bartell v. McCarrick, 498 So.2d 1378, 1380 (Fla. 4th DCA 1986)). In Gibson v. Gibson, 456 So.2d 1320, 1321 (Fla. 4th DCA 1984), the Fourth District, in finding that no basis existed for refusing the petitioner's request to have a court reporter attend her medical examination held that "it is the privacy of the petitioner *1269 that is involved, not that of the examiner, and if the petitioner wants to be certain that this compelled, although admittedly reasonable, intrusion into her privacy be accurately preserved, then she should be so entitled." See also Lunceford v. Fla. Cent. R.R. Co., 728 So.2d 1239, 1241 (Fla. 5th DCA 1999).
When addressing an examinee's request to have a third party attend a medical examination, the burden of proof to establish why the request should be denied lies with the party opposing the party's attendance. Collins v. Skinner, 576 So.2d 1377, 1377 (Fla. 2d DCA 1991) (citations omitted). The examinee's request should be upheld absent a valid reason for a denial. Id. (citation omitted). For instance, in McClennan, this Court reversed the JCC's order prohibiting the claimant's attorney from attending the claimant's IME. 648 So.2d at 1214. In doing so, this Court held that the claimant's attorney could observe the examination, monitor any discussions between the physician and the claimant, and advise the claimant when necessary and proper. Id. at 1215. This Court also determined that there was no basis to conclude that the claimant's attorney would be unduly distracting or disruptive during the examination. Id.; see also Toucet, 581 So.2d at 954 (holding that there was no basis in the record for concluding that the petitioner's attorney would be disruptive of the examination, notwithstanding the respondent's reasoning that the petitioner's attorney would destroy the give and take that would exist in a normal examination and that the attorney telling the doctor what he could and could not say would destroy the rapport between the petitioner and the doctor). Even a physician must provide a case-specific justification in an affidavit to support a claim that the presence of a court reporter requested by the examinee or an examinee's attorney at the examination will be disruptive. See Broyles v. Reilly, 695 So.2d 832, 834 (Fla. 2d DCA 1997).
In the instant case, respondents' stated reason for seeking to have their attorney attend petitioner's IME was "to ensure that [petitioner's] counsel does not disrupt the examination or question Dr. Fishbain improperly." In their motion, respondents failed to set forth any factual basis in support of their general assertion, i.e., that petitioner's counsel was likely to disrupt the IME based upon a history of doing so or the like. See Fla. R. Work. Comp. P. 4.065(b)(1), (2) (prescribing that a motion to compel, a procedural motion, "shall set forth in detail the facts giving rise to the motion, its legal basis, and the specific relief sought"). Furthermore, neither the JCC's order nor respondents' response filed with this Court indicate that respondents had any basis or reason to believe that petitioner's counsel was likely to disrupt the IME or question Dr. Fishbain improperly. We note that this, in fact, may have been the reason why respondents chose not to object to petitioner's request to have his counsel present at the IME, as such a reason, without a basis to support the assertion, could not have served as a ground to deny petitioner's request. See McClennan, 648 So.2d at 1215; Toucet, 581 So.2d at 954. If an unsupported assertion that an examinee's counsel will be distracting or disruptive during an examination cannot support the denial of the examinee's request to have his or her counsel present at the examination, then the same unsupported assertion cannot constitute a ground for permitting an E/C's counsel to attend a claimant's medical examination against that claimant's wishes. We find that the policy reasons behind permitting a claimant's attorney to attend such an examination, i.e., assistance and protection, do not support an E/C's counsel's attendance at an IME *1270 based upon a mere allegation that his or her presence is necessary to ensure against disruption.
As the Fourth District has held, "it is the privacy of the [examinee] that is involved, not that of the examiner...." Gibson, 456 So.2d at 1321 (emphasis added). Furthermore, as this Court has concluded, an examinee "should not be left unprotected on the assumption that an attorney will unduly interfere with the examination." McClennan, 648 So.2d at 1215 (emphasis added). Similarly, an E/C's counsel may not attend a claimant's IME over the claimant's objection based upon a speculative assertion that the claimant's counsel may disrupt the examination or question the examining physician improperly. As we have previously set forth, should any interference occur, the JCC may take appropriate steps to provide the physician with a reasonable opportunity to complete the examination, such as barring the claimant's attorney from attending the IME. See McClennan, 648 So.2d at 1215. Likewise, the JCC may also bar a claimant's attorney from attending an IME if an E/C makes a showing that a claimant's attorney will disrupt the examination. Accordingly, we grant the petition for writ of certiorari and quash the JCC's order.
GRANTED.
WOLF, C.J. and POLSTON, J., Concur.
NOTES
[1] We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(A).