PER CURIAM.
 

 Petitioners, Natalie Prince and Michael Prince [“Plaintiffs”], petition this Court for a writ of certiorari to quash an order of the circuit court that requires Natalie Prince to submit to a compulsory medical examination [“CME”] under Florida Rule of Civil Procedure 1.360 in the presence of a videographer hired by and acting on behalf of counsel for Respondent, Ricardo Mallari [“Defendant”]. We grant the writ and quash the order.
 

 Natalie Prince suffered injuries to her neck, back and foot in an accident. She and her husband sued Ricardo Mallari and
 
 *130
 
 Bernadett Mallari for her injuries. Defendant served a notice of a CME pursuant to Florida Rule of Civil Procedure 1.860. The notice listed the date, time and location of the examination and the name of the physician who would perform it. The scope of the examination was described only as “neurological.” The notice also stated in bold type: “If the plaintiff videotapes the examination, Defendant will also videotape the examination, at its expense.”
 

 Plaintiffs objected to the notice, asserting on multiple grounds that a defendant is not allowed to have any videographer or other representative at the examination:
 

 a. [An] IME examination permits a minimal invasion of the right of privacy of a patient to allow a physical or mental examination of Plaintiff by a physician selected by the defense with respect to a physical or mental condition in controversy per Rule 1.360, Fla. R. Civ. P.
 

 b. There exists no authority under Rule 1.360, by Florida Statute or under Florida law to allow a videographer or other representative of Defendant, other than the IME doctor, to attend the IME. In fact, the first District Court of Appeal in
 
 Chavez v. J & L Drywall,
 
 858 So.2d 1266, 1269-70 (Fla. 1st DCA 2003), held that a defense attorney could not attend a IME, emphasizing the privacy rights of the patient examinee.
 

 c. Defendant in this case should not be allowed to do indirectly via a videogra-pher what they cannot do directly under
 
 Chavez.
 

 d. Plaintiff is entitled to have an attorney, court reporter, videographer, or other representative attend the IME because of the recognized adversarial nature of a IME and the need to protect the rights of the patient plaintiff. No concomitant need exists for the party hiring the IME doctor who is performing the examination on behalf of Defendant as the expert witness agent of Defendant and its insurance carrier.
 

 e. Under [HIPAA], the Federal government has recognized the sanctity of a patient’s rights to privacy with respect to medical and psychological matters and records, and only under limited, necessary, carefully circumscribed circumstances justifying intrusion of that right is a third party allowed to invade an individual’s right to privacy on a limited basis.
 

 f. The privacy of the examinee, not the examiner, is the issue, and therefore, the defense has no need or right to record the IME by any means or to have a videographer, court reporter, attorney, or other representative present besides the examining doctor at [an] IME conducted by the very medical expert it hired who will have first hand knowledge of the examination conducted by him/her, author a written report to defense counsel and be able to consult with defense counsel with respect to the examination as a specially hired, professional expert witness. See,
 
 Stakley v. Allstate Ins. Co., 547
 
 So.2d 275 (Fla. 2d DCA 1989).
 

 A hearing was held on Plaintiffs’ objections. The defense contended simply that, if Plaintiffs are entitled to videotape the examination, the defense also ought to be entitled to do so. Defense counsel further argued that they should have their own videotape of the examination because Plaintiffs’ videotape is Plaintiffs’ work product and “we’re not going to be able to get it without showing need and the inability to get it any other way.” If they do get it, they cannot assure its accuracy without a video of their own.
 

 Plaintiffs’ counsel urged that videotaping the rule 1.360 CME by Defendant would violate Plaintiffs’ privacy and that the videographer was there for Plaintiffs’
 
 *131
 
 benefit and protection. He pointed out that the case law recognized that a plaintiff who submits to a compulsory medical examination is in an inferior position and that one purpose of the videotape is to allow a plaintiff to have the session critiqued by his own expert.
 

 The trial court ordered that the defense be allowed to have a videographer present, remarking: “to me it’s logical that if you allow one, you allow the other”.
 

 As this Court pointed out in
 
 Lunceford v. Florida Central Railroad Co.,
 
 728 So.2d 1239, 1241 (Fla. 5th DCA 1999), quashing an order excluding plaintiffs own videographer,
 
 “it is the privacy interest of the petitioner
 
 [plaintiff] that is involved, not the privacy interest of the examiner, and if the petitioner [plaintiff] wants to ensure that a compelled examination is accurately preserved, the petitioner should generally be entitled to do so.”
 
 Id.
 
 at 1241 (emphasis added).
 

 The rule is now well established that a plaintiff is allowed to be accompanied at a compulsory medical examination by her counsel and a videographer of her choosing. In
 
 U.S. Security Insurance Co. v. Cimino,
 
 754 So.2d 697 (Fla.2000), the Supreme Court held that an insured was entitled to have her own attorney or a court reporter attend her examination by the insurance company’s doctor. Whether in the context of a personal injury protection claim or in an examination pursuant to the civil procedure or workers’ compensation rules, the parties’ relationship is “adversarial” and a plaintiff is entitled to protection.
 
 Id.
 
 at 701.
 

 Florida courts have made it clear that, although the defense has the right, by rule, to a compulsory medical examination of a plaintiff, defense counsel does not have the right to be present at the examination.
 
 See Chavez v. J & L Drywall,
 
 858 So.2d 1266 (Fla. 1st DCA 2003). A plaintiff retains a right to privacy and that right will not allow for the compelled presence of third parties, whether it be counsel or a videographer.
 
 Gibson v. Gibson,
 
 456 So.2d 1320, 1321 (Fla. 4th DCA 1984). Defense counsel cannot do by proxy what they are not permitted to do in person.
 
 See McGarrah v. Bayfront Med. Ctr.,
 
 889 So.2d 923, 927 n. 3 (Fla. 2d DCA 2004).
 
 [1]
 

 In
 
 Chavez,
 
 the court issued a writ of certiorari and quashed an order in a workers’ compensation case allowing the employer’s counsel to attend the CME of the claimant, recognizing the privacy interest of the person being examined. For the same reason, Natalie Prince cannot, against her will, be subjected to a physical examination in the presence of a videogra-pher hired by her opponent’s attorney. If the examination is recorded by her own attorney, she has control of it. To allow a stranger into the examining room to record the examination on behalf of one’s opponent, to be viewed and used as the opponent sees fit, is completely outside the operation of the rule.
 

 The
 
 Chavez
 
 court also recognized the adversarial nature of the examination and the need for an unsophisticated plaintiff to have some protection in dealing with a professional expert retained by her opponent in a very unique, difficult circumstance. In a compulsory medical examination, a plaintiff is placed in the awkward
 
 *132
 
 position of being physically examined by someone not of his or her choosing, who has no interest in the plaintiffs well-being and not for medical treatment. A physician performing a CME “is essentially an expert witness for the party requesting the examination;” consequently, “the parties' relationship is clearly adversarial.”
 
 Chavez,
 
 858 So.2d at 1268. A plaintiff being examined is allowed to have his attorney (or videographer) “present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions,”
 
 id.,
 
 or engage in other unfair or improper conduct.
 
 Byrd v. S. Prestressed Concrete, Inc.,
 
 928 So.2d 455, 459 (Fla. 1st DCA 2006), citing
 
 Cimino,
 
 754 So.2d 697. Natalie Prince has the right to such protections, but Defendant has no such right and needs no such protection. The trial court’s apparent conclusion that each side should have the same access because each side stands on equal footing is wrong for that reason. A plaintiff has a privacy interest that deserves protection and the defendant already is represented by the examiner.
 

 Defendant’s complaint that Plaintiffs are in control of the video record is simply not a reason to order a second videographer. A plaintiff is entitled to record any or all of his or her examination as he or she sees fit, so long as it does not interfere with the examination. If a plaintiff has an incomplete or unclear record, that is a plaintiffs concern, not a defendant’s. The defense loses nothing to which it is otherwise entitled, and if a plaintiff elects to use the video at trial, he loses its work product protection.
 
 See Maguire v. Pool Doctor of the Palm Beaches, Inc.,
 
 23 So.3d 865 (Fla. 4th DCA 2009);
 
 McGarrah,
 
 889 So.2d 923.
 
 See generally Dodson v. Persell,
 
 390 So.2d 704 (Fla.1980).
 

 Petition GRANTED; order QUASHED. GRIFFIN and COHEN, JJ., concur.
 

 SAWAYA, J., concurs in result only.
 

 [1]
 

 . It is also worth remembering that the original argument advanced by defense counsel for not allowing a plaintiff's counsel or vid-eographer to be present was disruption of the examination. Courts have decided, however, that a plaintiff's need for protection outweighed such concerns. Defendant’s described "need” in this case carries no such weight.