PER CURIAM.
 

 Petitioner Audrey Clark seeks certiorari review of a trial court order requiring her to submit to vocational testing by her former husband’s expert, who may exclude recording, court reporting or other people from being present during that testing. We find that the trial court departed from the essential requirements of law, resulting in material harm of an irreparable nature, in allowing the expert to exclude recording, reporting or other people from being present.
 

 This case is controlled by
 
 Gibson v. Gibson,
 
 456 So.2d 1320 (Fla. 4th DCA 1984), in which the majority held that a wife was entitled to the presence of a court reporter at her psychiatric examination ordered by the trial court in a dissolution proceeding. It reasoned:
 

 [T]he petitioner should have the right, where the means are available as they are here, to preserve by objective means the precise communications' that occur during the course of the examination. Any concerns about rapport and candor should give way to this right since otherwise the petitioner will be compelled to challenge the credibility of the examiner should a dispute later arise as to what took place. Such a dispute would be obviated by the presence of a means of recording the interview. Both the examiner and patient should benefit by the objective recording of the proceedings, and the integrity and value of the examination as evidence in the judicial proceedings should be enhanced.
 

 Id.
 
 at 1321.
 

 A vocational evaluation pursuant to Florida Family Law Rule of Procedure 12.360 is comparable to an independent medical evaluation under Florida Rule of Civil Procedure 1.360, and the case law governing the right to recording and third-party presence at such examinations supports petitioner’s claims here as well.
 
 See Bacallao v. Dauphin,
 
 963 So.2d 962 (Fla. 3d DCA 2007);
 
 Byrd v. S. Prestressed Concrete, Inc.,
 
 928 So.2d 455 (Fla. 1st DCA 2006);
 
 Brompton v. Poy-Wing,
 
 704 So.2d 1127 (Fla. 4th DCA 1998);
 
 Bartell v. McCarrick, 498
 
 So.2d 1378 (Fla. 4th DCA 1986).
 

 We agree with petitioner in this case that she should not be required to be
 
 *193
 
 evaluated by respondent’s expert without having the testing recorded. We further note that petitioner has not objected to a properly crafted order of confidentiality to alleviate the concerns of the former husband’s vocational expert.
 

 Petition granted, order quashed and cause remanded for further proceedings consistent with this opinion.
 

 GROSS, C.J., MAY and LEVINE, JJ., concur.