KELLY, Judge.
Petitioners, Richard S. Scolaro and the law firm of Scolaro, Shulman, Cohen, Fetter & Burstein, P.C., seek certiorari review of the order requiring Scolaro to submit to a mental examination under Florida Rule of Civil Procedure 1.360. The petitioners assert that the trial court departed from the essential requirements of the law: (1) by failing to require the respondents to establish the grounds for a mental examination under rule 1.360; and (2) by allowing counsel for respondent M. Ashley Butler, Ph.D, to be present at Sco-laro’s examination. We grant the petition only to the extent that it allows Butler’s counsel to be present at the examination.
The petitioners provided trust and estate services to Claudine O’Connor for many years. O’Connor’s mental health began to decline and, as a result, she became a ward of the court under the guardianship of Butler. Butler sued the petitioners for declaratory and injunctive relief, alleging that they breached their legal duties to O’Connor by allowing family members to exploit her and to dispose of her assets against her express wishes. When Butler served interrogatories and a request for production of documents on Scolaro and notified Scolaro’s counsel that she wished to schedule a deposition, Scolaro’s counsel filed a motion for protection from discovery. The motion alleged that Scolaro “suffers from medical conditions which would render his ability to participate in depositions and/or respond to interrogatories im *1113 possible” and claimed that Seolaro’s condition was “progressive.”
In reply, the respondents filed a motion for compulsory examination under rule 1.360(a)(1)(B), which the trial court granted. In their certiorari petition, the petitioners argue that the trial court departed from the essential requirements of the law in ordering the examination because Butler did not establish that Scolaro’s medical condition was “in controversy” or that there was “good cause” for the examination of Scolaro to occur. See Fla. R. Civ. P. 1.360(a)(1) & (2) (“A party may request any other party to submit to ... examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.... An examination under this rule is authorized only when the party submitting the request has good cause for the examination.”). We need not decide whether the trial court departed from the essential requirements of law in that regard, however, because the petitioners have not demonstrated that ordering Scolaro to be examined will result in irreparable harm.
Scolaro has sought to avoid being deposed. A person from whom discovery is sought can move for protection from discovery or have discovery limited to certain conditions if good cause exists to protect the party. Fla. R. Civ. P. 1.280(c). “ ‘A strong showing [of good cause] is required before a party will be denied entirely the right to take a deposition.’ ” Bush v. Schiavo, 866 So.2d 136, 138 (Fla. 2d DCA 2004) (quoting Deltona Corp. v. Bailey, 336 So.2d 1163, 1169-70 (Fla.1976)). Good cause may be shown when the person is incapable of expressing himself or incapable of understanding the duty to tell the truth. § 90.603, Fla. Stat. (2011). In order to avoid discovery, Scolaro will be required to have an examination to determine if he is competent to testify. See Belcher v. Johnson, 834 So.2d 422, 422 (Fla. 2d DCA 2003) (quashing a protective order and remanding to the trial court to conduct a hearing to determine whether a deponent suffering from dementia should be disqualified from testifying). At best, the petitioners’ argument amounts to a complaint that the trial court used the wrong procedural means to order the examination, not that it should never have ordered the examination at all. Thus, we conclude that the petitioners have not met their burden to show that the order results in irreparable harm.
We do, however, agree that the trial court’s inclusion of a provision allowing Butler’s counsel to be present at Scola-ro’s examination departed from the essential requirements of the law and will cause material injury that cannot be remedied on appeal. See Chavez v. J & L Drywall & Travelers Ins. Co., 858 So.2d 1266, 1268 (Fla. 1st DCA 2003). The party who moves for the examination of the other party does not have the right to have counsel present at the examination. Prince v. Mallari, 36 So.3d 128, 131 (Fla. 5th DCA 2010). The party being examined has a privacy interest that deserves protection; the party seeking the examination already is represented by the examiner. Id. at 132.
Accordingly, we grant the petition for writ of certiorari and quash the order to the extent that it allows Butler’s counsel to be present at Scolaro’s mental examination. We reject Scolaro’s argument that the trial court’s order failed to adequately set forth the manner, conditions, and scope of any examination.
Petition denied in part and granted in part.
SILBERMAN and SLEET, JJ„ Concur.