573 So.2d 429 (1991)
Theresa Ann TRUESDALE, Petitioner,
v.
Gary A. LANDAU, et al., Respondents.
No. 90-1878.
District Court of Appeal of Florida, Fifth District.
January 31, 1991.
Charles E. Davis, of Wooten, Honeywell & Kest, P.A., Orlando, for petitioner.
John S. McEwan, of Sanders, McEwan, Mims & Martinez, P.A., Orlando, for respondents.
W. SHARP, Judge.
Truesdale seeks certiorari review of the circuit court's order granting the motion of Yellow Cab Company of Orlando, Inc. to prohibit interference with an independent medical examination of Truesdale. In essence, the circuit court's order required that the independent medical examination of Truesdale take place without the presence of a court reporter. Because Yellow Cab made no showing below why the examination could not be fairly or ably performed in the presence of the court reporter, we grant the writ.
In issuing his order, the judge relied upon his general belief that the presence of a court reporter at a compulsory medical examination (albeit at the to-be-examined party's request) had a chilling effect upon the physicians and that there is a diminishing number of physicians willing to perform such examinations. Yellow Cab failed to prove any valid reason to prohibit the presence of a third party (the court reporter) at the compulsory physical examination. Therefore, the court's ruling is contrary to the established precedent in this district and elsewhere. See Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989); High v. Burrell, 509 So.2d 385 (Fla. 5th DCA 1987). We grant Truesdale's petition and quash the order under review.
Petition GRANTED.
DAUKSCH and COBB, JJ., concur.