599 So.2d 277 (1992)
Daphne McCORKLE and Richard McCorkle, her husband, Petitioners,
v.
Marion M. FAST, Respondent.
No. 92-01266.
District Court of Appeal of Florida, Second District.
May 29, 1992.
*278 William J. Corda of Benefield & Corda, Lakeland, for petitioners.
Keith M. Carter and Fernando J. Alvarez of Mitchell and Carter, P.A., Tampa, for respondent.
HALL, Judge.
Daphne and Richard McCorkle seek certiorari review of a circuit court order prohibiting the presence of their attorney at an independent medical examination. We grant the petition.
The McCorkles are plaintiffs in the auto negligence action below. Ms McCorkle seeks damages for physical injury, while her husband is suing for loss of consortium. Respondent, pursuant to Florida Rule of Civil Procedure 1.360(a)(1), scheduled an orthopedic examination. The McCorkles raised a number of objections to the examination, none of which are relevant to the instant petition. They also served notice of their intent to have an "attorney or other representative" present. The designated doctor apparently refused to perform the examination under these conditions, and the trial court entered its order compelling Ms McCorkle to submit to the examination "without third parties present."
The circuit court is not without authority to establish protective rules governing compulsory physical examinations. See Fla.R.Civ.P. 1.360(a)(3). When an objection is raised to the presence of third parties at such examinations, the court may take into consideration such matters as the unique qualifications of the chosen examiner or a lack of available physicians willing to perform the testing under such conditions. Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986). However, absent any valid reason to exclude the patient's counsel or other representative, their presence should be allowed. Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989); Bartell.
The record in the present case does not support the trial court's decision to prohibit the McCorkles' attorney from attending the examination. The doctor's objections, standing alone, are insufficient. He is not shown to be uniquely qualified to perform the examination or otherwise essential to the preparation of the respondent's case. While respondent's counsel stated that he was unable to locate another examiner willing to accept attendance by third parties, the McCorkles disputed this assertion and contended that substitutes are available in the same locality. The trial court made no finding regarding the existence of an alternative doctor.
The McCorkles' notice does not specify what "other representatives" they might bring along, apart from their attorney. We proceed under the assumption that McCorkles' counsel, or someone operating under his direction, will attend the medical examination. While the policy outlined in Stakley and related cases is not limited to attorneys, the trial court retains the authority to bar third-party attendees upon a showing that their presence would be disruptive, superfluous, or otherwise inappropriate.
The petition for writ of certiorari is granted, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.