617 So.2d 850 (1993)
Lisa Sims WILKINS, f/k/a Lisa Sims, Petitioner,
v.
Charles P. PALUMBO, Respondent.
No. 93-00116.
District Court of Appeal of Florida, Second District.
May 5, 1993.
*851 George J. Mitar, III, of Goldberg, Goldstein & Buckley, Fort Myers, for petitioner.
Mark B. Yeslow, Fort Myers, for respondent.
ALTENBERND, Judge.
Lisa Wilkins petitions this court to review an order of the circuit court prohibiting a court reporter from attending her compulsory physical examination in a personal injury lawsuit. We grant the petition.
Ms. Wilkins sued Charles Palumbo, alleging that she was injured as a result of his negligence in an automobile accident on November 12, 1990, in Fort Myers, Florida. During discovery, the defendant scheduled an independent medical examination (IME) of Ms. Wilkins with Dr. Donn O. Fuller, an orthopedic physician. Ms. Wilkins wished to bring a court reporter with her to the orthopedic examination. The doctor objected, and the defense filed a motion to prohibit the court reporter from attending the IME.
In support of the motion, the defendant filed a copy of a brief affidavit that had been prepared for use in another personal injury action. In the affidavit, Dr. Fuller states:
3. I will not allow a court reporter or attorney, or other legal representative to be present during the IME because I find such presence to be disruptive, superfluous and generally inappropriate for a medical examination.
4. If Mr. Byrd [sic] is unable to offer an appropriate history or answer other questions, his wife or other family member may be present during that portion of the IME.
The trial court believed it was presented with a dilemma. It believed the law entitled the plaintiff to have a court reporter at the IME and the defendant to have a doctor of its choice. The court resolved the dilemma by permitting a member of the plaintiff's family, rather than a court reporter, to attend the IME.
In recent years, there have been many cases in which the appellate courts have announced that the trial courts possess discretion concerning the conditions at a compulsory medical examination, only to reverse the trial court's discretionary decision to prohibit a witness's attendance at the examination.[1] These reversals have *852 been occasioned, at least in part, by the trial court's failure to follow the rule that places the burden of proof and persuasion on the party opposing the witnesses' attendance.[2] In fairness to the trial bench, however, it appears that the appellate courts have given little guidance concerning the factors that the trial courts should consider in deciding whether to permit or prohibit the attendance of a particular third person at a compulsory examination. In making such a decision, it is important for the trial court to consider the nature and function of the scheduled compulsory examination, the reasons why the plaintiff wishes to have a third party attend the examination, and the reasons why the doctor wishes to prevent such attendance.
The usual compulsory medical examination is conducted in order to allow a doctor selected by the defendant to obtain information necessary to render an admissible expert opinion. The defendant needs a witness who can testify as an expert concerning: 1) the plaintiff's present physical condition; 2) the plaintiff's predicted future condition and reasonably expected medical needs; and 3) the causation, if any, between these conditions and the accident that is the subject of the lawsuit. To render such opinions, the doctor typically needs to obtain a medical history from the plaintiff and a description of the accident. The doctor also needs to conduct a physical examination and review the plaintiff's prior medical records.
In addition to these functions, the compulsory medical examination is frequently used by the defendant for another function. It is the source of information used to challenge the plaintiff's credibility at trial. A doctor will testify that the medical history given at the IME is not the same as the plaintiff's testimony at trial or in deposition. A doctor will opine that the plaintiff's subjective complaints are not consistent with the doctor's objective findings at the IME or are not consistent with the reports of injury made by the plaintiff on other occasions. A doctor will testify that prior accidents or other critical factual information was not accurately or voluntarily given to him by the plaintiff. A doctor will testify that the plaintiff had a greater range of motion during the compulsory orthopedic examination than in an examination performed by the plaintiff's treating chiropractor during the same period. There are many cases, especially cases involving soft tissue injuries under the Florida Motor Vehicle No-Fault Law, sections 627.730-627.7405, Florida Statutes (1991), in which the credibility function of the IME is arguably its most important function at the time of jury trial.
There is nothing inherently good or bad about the credibility function of an IME. If there is no court reporter or other third party present at the examination, however, a disagreement can arise between the plaintiff and the doctor concerning the events at the IME. Plaintiffs' attorneys are understandably uncomfortable with a swearing contest at trial between an unsophisticated plaintiff and a highly trained professional with years of courtroom experience. They have searched for ways to level the playing field on the credibility issues arising from such examinations.
To remedy this problem, plaintiffs have frequently requested the attendance of a court reporter at the IME. The appellate courts have generally held that a plaintiff is entitled to have a court reporter at an examination. Collins v. Skinner, 576 So.2d 1377 (Fla.2d DCA 1991); Truesdale v. Landau, 573 So.2d 429 (Fla. 5th DCA 1991); Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989); Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984). A court reporter is trained to be unobtrusive. A professional reporter does *853 not attempt to participate in the examination but merely to record the exam. Admittedly, many physical aspects of the examination cannot be fully or accurately recorded by a court reporter, but most credibility disputes arising from the examination can be eliminated by a court reporter.[3]
The most common concern of physicians relating to the attendance of court reporters at examinations is the belief that such a third party distracts the plaintiff and causes the plaintiff's answers and actions to be less natural and spontaneous. The doctors are concerned that the presence of the third party will significantly alter the accuracy of the examination.
While there may be occasions when this concern would be valid for a particular examination or a particular court reporter, we note that it is common for a third party to attend a physical examination. When there is a gender difference between the patient and the doctor, this is the rule rather than the exception. In training new doctors and other medical staff, it is often necessary for the students to observe examinations. Patients with physical or mental limitations often need to be accompanied by a family member or their own nurse. Thus, in the absence of truly extraordinary circumstances, a defendant should not be able to satisfy its burden of proof and persuasion to prevent the attendance of a court reporter, as a passive observer. We do not regard the affidavit in this case, which essentially states the doctor's personal preference without any case-specific justification, as adequate proof to overcome the general rule that court reporters should be allowed to attend these examinations.
We note that a plaintiff may request that a third party attend an examination for at least two purposes other than to accurately record events at the examination. First, a family member or an attorney may wish to attend to "assist" in providing a medical history or a description of an accident. Unless the patient is a child or has a mental limitation, the need for such assistance is questionable. Second, plaintiffs have requested a doctor or nurse to attend an examination, essentially to validate or dispute the examining doctor's findings and conclusions. See Stressman v. Lefler, 597 So.2d 308 (Fla. 2d DCA 1992). We can understand that such a person could be a substantial distraction during the examination for both the plaintiff and the examining physician. Thus, we are not holding that the strong presumption extended to the attendance of a court reporter at an examination should apply to other third parties.
In this case, the defense attorney did not present evidence in the trial court that a qualified physician who would be willing to perform an examination in the presence of a court reporter could not be located in the region surrounding Fort Myers. On appeal, the defendant attempted to provide such evidence to this court, which we struck as nonrecord information. In the past, we have suggested that a trial court has discretion to prohibit a court reporter from attending an IME if a uniquely qualified physician explained that the examination could not be performed under those conditions. See McCorkle v. Fast, 599 So.2d 277 (Fla. 2d DCA 1992). We did not intend that observation to be an invitation to physicians to avoid the general rule concerning court reporters simply by announcing a collective preference against court reporters. Thus, any order prohibiting the attendance of a court reporter because of problems relating to the supply of physicians willing to perform IME's should be based on a thorough evidentiary hearing with a heavy burden placed upon the party seeking to avoid the use of a court reporter.
In summary, we encourage the trial court to consider, on a case by case basis, the nature of the examination, the *854 function that the requested third party will serve at the examination, and the reason that the doctor objects to the presence of a person for that function. A doctor or other expert has a legitimate reason to object to the presence of a person, or at least to limit the participation of a person, whose conduct at the IME may, in some significant manner, alter the outcome of the examination and prevent the doctor from formulating accurate opinions. If the third party is there merely to record the event so that it is accurately preserved for future use, there should be few occasions when the doctor will have a valid objection.
Petition granted.
CAMPBELL, Acting C.J., and SCHOONOVER, J., concur.
NOTES
[1] Toucet v. Big Bend Moving & Storage, Inc., 581 So.2d 952 (Fla. 1st DCA 1991) (excluding attorney not permitted absent showing that attorney would disrupt examination); Collins v. Skinner, 576 So.2d 1377 (Fla. 2d DCA 1991) (inability to transcribe demeanor of examinees or physician is insufficient reason for excluding court reporter); Truesdale v. Landau, 573 So.2d 429 (Fla. 5th DCA 1991) (excluding court reporter because of chilling effect on physicians and diminishing number of physicians available to conduct examinations is not permitted); Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989) (blanket policy of excluding court reporters not permitted); Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986) (trial court must reconsider attendance by representative from plaintiff's attorney's office in view of availability of other doctors to perform examination with third party present); Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984) (excluding court reporter after allowing attorneys' presence is not permitted).
[2] Toucet; Collins; Stakley.
[3] In lieu of a court reporter, plaintiffs have occasionally requested an audio or video recording. See Medrano v. BEC Construction Corp., 588 So.2d 1056 (Fla. 3d DCA 1991). When the presence of another person may alter the examination, there is merit to this approach. Recordings have been authorized instead of a court reporter primarily in psychiatric examinations. Such examinations involve difficulties not present in the usual physical examination.