695 So.2d 832 (1997)
Christine A. BROYLES and Robert E. Broyles, Petitioners,
v.
John Edward REILLY and Mary J. Reilly, Respondents.
No. 97-00417.
District Court of Appeal of Florida, Second District.
June 18, 1997.
*833 Bruce L. Scheiner of Associates & Bruce L. Scheiner, P.A., Fort Myers, for Petitioners.
David J. Abbey and Kimberly A. Staffa, St. Petersburg, for Respondents.
PER CURIAM.
We grant Christine and Robert Broyles' petition for certiorari and quash the pretrial order of the circuit court compelling Christine Broyles to submit to a compulsory medical examination pursuant to Florida Rule of Civil Procedure 1.360 without their lawyer being present to monitor the examination and without a videographer present to record it.
Petitioners are plaintiffs in a personal injury lawsuit in which it is alleged that Christine Broyles was permanently injured as a result of John Reilly's negligent operation of a motor vehicle owned by Terry and Mary Reilly. Respondents, in their answer, denied that Ms. Broyles suffered a permanent injury and also asserted various affirmative defenses. Respondents filed a request pursuant to rule 1.360 that Ms. Broyles submit to a medical exam to be performed by Michael Jacquith, M.D. Petitioners filed a response to the request in which they stated they had no objection to the examination as long as it was conducted in the presence of petitioners' attorney and a videographer. Respondents sought a hearing to determine the validity of petitioners' response and the trial court conducted a telephonic hearing which was not transcribed. The respondents acknowledge that Dr. Jacquith did not testify at the hearing and that they did not submit an affidavit from the doctor stating his objections to the presence of either petitioners' attorney or the videographer. Petitioners allege, however, that respondents' counsel represented to the trial court that Dr. Jacquith would not conduct the examination with the videographer present because of 1) limited space in the examination room; 2) concern that Ms. Broyles would perform for the camera, thereby making it difficult to properly evaluate her symptoms; and 3) that it would violate her privacy. The trial court, in a written order, ruled that Ms. Broyles must attend the examination without her attorney or the videographer being present.
"The burden of proof to show why the examinee's entitlement to the presence of a third party [at a compulsory examination pursuant to rule 1.360] should be denied ... lies with the party opposing the third party's attendance." Collins v. Skinner, 576 So.2d 1377, 1378 (Fla. 2d DCA 1991). See also Wilkins v. Palumbo, 617 So.2d 850 (Fla. 2d DCA 1993); Stakley v. Allstate Ins. Co., 547 So.2d 275 (Fla. 2d DCA 1989). This court has previously held that, in the absence of a valid reason to prohibit the presence of a third party, a plaintiff in a personal injury suit is entitled to have a court reporter present at a compulsory physical examination. Wilkins, 617 So.2d at 853; Collins, 576 So.2d *834 at 1378; Stakley, 547 So.2d 275. The Wilkins court concluded that it would require "truly extraordinary circumstances" for a defendant to "satisfy its burden of proof and persuasion to prevent the attendance of a court reporter, as a passive observer." 617 So.2d at 853. This court has also held that, absent a valid reason, the trial court may not prohibit the plaintiff's counsel from being present during the compulsory medical exam. McCorkle v. Fast, 599 So.2d 277 (Fla. 2d DCA 1992). Under Wilkins, a doctor must provide case-specific justification to support a claim in an affidavit that the presence of a court reporter (and by extension, the plaintiff's attorney) at the examination will be disruptive. 617 So.2d at 853. Once this test is satisfied, the defendant must prove at an evidentiary hearing conducted by the trial court that no other qualified physician can be located in the area who would be willing to perform the examination with a court reporter (or attorney) present. Id.
The Wilkins court noted that, without a court reporter or other third party present at the examination, "a disagreement can arise between the plaintiff and the doctor concerning the events at the IME." 617 So.2d at 852. The Wilkins court further noted that "many physical aspects of the examination cannot be fully or accurately recorded by a court reporter." Id. at 853. While this shortcoming may apply to court reporters, a videographer does have the ability to accurately record the physical aspects of the examination. The use of videographers is becoming more prevalent in the legal field and the Florida Rules of Civil Procedure allow for the videotaping of depositions. See Fla. R. Civ. P. 1.310(b)(4). There is no reason that the presence of a videographer at an examination should be treated differently from that of a court reporter.
In the present case, there was no affidavit from Dr. Jacquith presented to the trial court, and the statements of respondents' counsel did not satisfy the first prong of the test outlined above. Collins held that a court reporter's potential interference with an examination is not a valid reason to exclude the reporter's presence. 576 So.2d at 1378. Furthermore, the Wilkins court noted that "[i]f the third party is there merely to record the event so that it is accurately preserved for future use, there should be few occasions when the doctor will have a valid objection." 617 So.2d at 854.
Accordingly, we grant the petition, quash the order of the trial court, and remand for entry of an order permitting the presence of plaintiff's attorney at the examination and permitting the examination to be videotaped. We note, however, that it would take an exceptional circumstance to permit anyone other than a videographer or court reporter and the plaintiff's attorney to be present on behalf of the plaintiff at a compulsory examination held pursuant to rule 1.360.
Certiorari granted.
PARKER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.