PER CURIAM.
Ana Brown petitions this court to issue a writ of certiorari quashing the order of the circuit court prohibiting her counsel from attending the Independent Medical Examination (IME) which was scheduled for her with Doctor Nelson Castellano by respondent, State Farm. Because the trial court’s order conflicts with our decision in Broyles v. Reilly, 695 So.2d 832 (Fla. 2d DCA 1997), we issue the writ, quash the order of the circuit court, and remand for entry of an order permitting the presence of Ms. Brown’s counsel at the IME.
Ms. Brown was allegedly injured in an automobile accident and filed an uninsured motorist claim against State Farm. State Farm scheduled an IME for Ms. Brown with Dr. Castellano; however, Dr. Castellano would not allow Ms. Brown’s counsel to be present during the examination, and counsel refused to let the examination go forward. Both parties filed motions for sanctions. At the hearing on the motions, counsel for State Farm alleged that Ms. Brown’s counsel had assisted her in filling out a questionnaire on her prior history and that she was concerned, based on this, that counsel might “interfere in the actual IME itself.” Dr. Castellano did not testify at the hearing, nor did State Farm introduce an affidavit from Dr. Castellano indicating that the presence of counsel at the IME would be disruptive.
In McCorkle v. Fast, 599 So.2d 277 (Fla. 2d DCA 1992), we held that, absent a valid reason to exclude counsel, plaintiff’s counsel is entitled to be present at an IME. The burden of proof to show why the exami-nee is not entitled to the presence of counsel at an IME lies with the party opposing counsel’s presence. See Broyles, 695 So.2d at 833. A doctor must provide case-specific justification by way of affidavit to show that presence of counsel will be disruptive. See Broyles, 695 So.2d at 834. Once this test has been satisfied, the party objecting to counsel’s presence must prove, at an evidentiary hearing, that no other qualified physician can be located in the area who would be willing to perform the examination with counsel present. Id. In this case, as noted, State Farm presented no testimony from Dr. Cas-tellano to show that counsel’s presence at the IME would be disruptive. State Farm, therefore, did not meet the first prong of the two-part test outlined in Broyles. As in Broyles, we grant the petition, quash the order of the trial court, and remand to the trial court for entry of an order permitting the presence of Ms. Brown’s counsel at the IME.
Certiorari granted.
BLUE, A.C.J., and FULMER and QUINCE, JJ., concur.