722 So.2d 885 (1998)
Julie D. FREEMAN, Petitioner,
v.
Robert J. LATHEROW, Robert D. Latherow, and Jenid D. Latherow, Respondents.
No. 98-02086.
District Court of Appeal of Florida, Second District.
December 2, 1998.
Justin C. Johnson of Justin C. Johnson & Associates, P.A., St. Petersburg, for Petitioner.
David B. Krouk of Piper, Esteva, Green, Karonen & Lewis, St. Petersburg, for Respondents.
NORTHCUTT, Judge.
Julie D. Freeman, the plaintiff in a personal injury suit, seeks a writ of certiorari quashing an order that compelled her submission to a compulsory examination pursuant to Florida Rule of Civil Procedure 1.360 without permitting the examination to be videotaped and without allowing her counsel to monitor the examination from an adjoining room.[1] She contends that, when opposing the latter conditions, the respondents did not satisfy their burden under the test outlined in Broyles v. Reilly, 695 So.2d 832 (Fla. 2d DCA 1997). We agree, and we grant the petition.
Alleging that she was injured in an automobile accident, Freeman sued to recover damages for mental anguish and loss of capacity for enjoyment of life, as well as for physical injuries. The defendants, Robert J. Latherow, Robert D. Latherow, and Jenid D. Latherow, filed a request for a neuropsychological examination to determine any psychological and emotional difficulties caused by the accident. The examination was to be performed at a mutually convenient time in *886 the offices of Dr. Harold Smith. Freeman filed a motion for protective order in which she asked that the examination be videotaped, with her counsel and the videographer present in an adjoining room in order not to disrupt the examination.
In this district, Broyles is the primary case addressing the presence of videographers and attorneys at compulsory medical examinations. Broyles held that the burden of proof to show why counsel and a videographer or court reporter should not be present at a plaintiff's compulsory medical examination is on the party opposing their presence. To satisfy this burden, the examining doctor must provide case-specific reasons why their presence would disrupt the examination. Once this test is satisfied, the party seeking to exclude third persons from the examination must prove at an evidentiary hearing conducted by the trial court that no other qualified physician can be located in the area who would be willing to perform the examination with a court reporter present. See 695 So.2d at 834 (citing Wilkins v. Palumbo, 617 So.2d 850 (Fla. 2d DCA 1993)). Broyles concluded that in this regard there is no reason that a videographer should be treated differently than a court reporter.
Broyles and its predecessors addressed compulsory medical examinations of physical injuries rather than psychiatric examinations. See Wilkins; McCorkle v. Fast, 599 So.2d 277 (Fla. 2d DCA 1992); see also Brown v. State Farm Mutual Automobile Ins. Co., 705 So.2d 117 (Fla. 2d DCA 1998). However, this court in a footnote in Wilkins, citing to Medrano v. BEC Construction Corp., 588 So.2d 1056 (Fla. 3d DCA 1991), noted that video and audio recordings have been authorized in lieu of a court reporter in psychiatric examinations because they involve difficulties not present in a physical examination. Wilkins, 617 So.2d at 853 n. 3. The Fourth District has applied the Broyles test to neuropsychological examinations. See Brompton v. Poy-Wing, M.D., 704 So.2d 1127 (Fla. 4th DCA 1998).
In Brompton, the defendants filed a motion to prohibit the plaintiff's attorney from attending a court-ordered neuropsychological examination. The doctor's affidavit stated that the exam required adherence to a strict methodology, and that the presence of a third person would likely invalidate the test results. The court noted that "there was no factual basis concerning what the `methodology' was, what the examination would entail and why the mere presence of a non-interfering third party would render the examination invalid." Id. at 1129. The court granted certiorari without prejudice to the defendants obtaining a more case-specific affidavit or other evidence to support the exclusion of the plaintiff's attorney.
Pursuant to Broyles, in this case the trial court conducted an evidentiary hearing on the Latherows' request for the examination and on Freeman's motion for protective order. We conclude that the Latherows did not satisfy either prong of the Broyles test.
First, they did not provide case-specific reasons why the presence of a video camera in the interview room, with counsel and the videographer monitoring the taping in an adjacent room, would be disruptive. The only testimony presented at the hearing was that of Dr. Smith, a board certified clinical neuropsychologist, who objected to having the examination videotaped. He recounted that on a prior occasion he had conducted a videotaped examination that had been compromised because he was distracted when the parties monitoring the examination from another room talked too loudly. But there is no indication that such would occur in this case; Dr. Smith could not say that this would be a problem if the individuals were forty feet away and behaved professionally. And, although Dr. Smith testified that his office is too small for this arrangement, he did not testify that he could not perform the examination elsewhere. In fact, he acknowledged that he had performed such an examination in a setting other than his office. The doctor also asserted that the presence of a video camera in the room would affect the results of the examination. But this was a conclusory statement without a factual basis concerning "what the examination itself would entail and why the mere presence of a [video camera] would render the examination invalid." Brompton, 704 So.2d at 1129.
*887 As for the second aspect of the Broyles test, the evidence reflected that there was but one other board certified neuropsychologist in the area, and she was unavailable to perform the examination prior to the then scheduled trial date. But Dr. Smith testified that the examination could be administered by licensed psychologists or clinical psychologists who "are trained and competent to do so." He was unaware whether there were any in the area. This testimony did not satisfy the Latherows' burden to prove that there was no other qualified doctor in the area who would be willing to perform the examination with a video camera present in the examination room.
Accordingly, we grant Freeman's petition, issue the writ, and quash the order of the trial court. On remand, the Latherows may present more detailed, fact-specific evidence why Dr. Smith cannot properly examine Freeman with a video camera in the room. If the Latherows satisfy this burden, they must also establish why no other qualified doctor in the area could properly perform the examination with a video camera recording it.
Certiorari granted.
QUINCE, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] The trial court did rule that Freeman could audiotape the examination.