728 So.2d 1239 (1999)
Jimmy W. LUNCEFORD, Petitioner,
v.
FLORIDA CENTRAL RAILROAD CO., INC., Respondent.
No. 98-3320.
District Court of Appeal of Florida, Fifth District.
April 9, 1999.
*1240 Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Easom & Peirce, Jacksonville, for Petitioner.
John R. Hargrove and W. Kent Brown, of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Ft. Lauderdale, for Respondent.
Jack W. Shaw, Jr., of Brown, Obringer, Shaw, Beardsley & DeCandio, Jacksonville, Amicus Curiae, Attorneys for Florida Defense Lawyers Association.
PER CURIAM.
Jimmy W. Lunceford seeks certiorari review of the trial court's order prohibiting the presence of a videographer during his independent medical examination. We grant the petition and issue the writ.
Lunceford filed a personal injury action against Florida Central Railroad Co., Inc. (FCR). FCR requested that Lunceford submit to a physical examination by its orthopedic surgeon pursuant to Florida Rule of Civil Procedure 1.360(a). Lunceford agreed, but demanded the presence of a videographer. FCR responded by moving for a protective order to prohibit the presence of a videographer, but said it would allow a court reporter to be present. The motion alleged that FCR's physician indicated that "although he has had some of his exams videotaped in the past when so order(ed) by a court, he prefers not to have a videographer present during his examination of a patient." In response, Lunceford noted that no affidavit was filed by the doctor and that respondent had the burden of proof. Lunceford further argued that a videotaped record was necessary to make an objective record of his reactions to the testing. The trial court ruled that Lunceford had to submit to an examination and that the examination could not be videotaped, but that Lunceford's counsel and/or a court reporter could be present.
It is well settled that a plaintiff has the right to have his counsel, a court reporter, or both present at an independent medical examination pursuant to Florida Rule of Civil Procedure 1.360(a), unless a valid, case-specific reason is given by the examining doctor why such would be unreasonably disruptive, and evidence is presented further that no other medical specialist is available who will conduct the examination under those circumstances. See, e.g., Cimino v. U.S. Security Ins. Co., 715 So.2d 1092 (Fla. 1st DCA 1998); Brown v. State Farm Mutual Automobile Ins. Co., 705 So.2d 117 (Fla. 2d DCA 1998); Truesdale v. Landau, 573 So.2d 429 (Fla. 5th DCA 1991) (order prohibiting the presence of a court reporter departs from the essential requirements of law where objecting party makes no showing that the independent examination could not be fairly performed in the court reporter's presence). The burden is on the party opposing the presence of third persons to establish grounds for prohibiting the third party's presence. Broyles v. Reilly, 695 So.2d 832 (Fla. 2d DCA 1997); Wilkins v. Palumbo, 617 So.2d 850 (Fla. 2d DCA 1993).
In Broyles, the court found the same principles apply to a request to have an *1241 examination conducted in the presence of the patient's attorney and/or a videographer. We agree with the Broyles court that there is no reason why the use and presence of a videographer at an examination should be treated differently from that of a court reporter. Id. at 834. See also Cimino, 715 So.2d 1092 (absent valid reason, claimant seeking PIP benefits cannot be precluded from having her attorney present with a video camera at examination scheduled by insurance company). We further note that it is the privacy interest of the petitioner that is involved, not the privacy interest of the examiner, and if the petitioner wants to ensure that the compelled examination is accurately preserved, the petitioner should generally be entitled to do so. High v. Burrell, 509 So.2d 385 (Fla. 5th DCA 1987); Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986).
FCR argues, inter alia, that certiorari is an extraordinary remedy which is rarely granted and that Lunceford has failed to allege circumstances justifying such extraordinary relief. FCR also argues that the trial court's order causes no irreparable harm because the order allowed Lunceford's counsel and a court reporter to be present. However, in a final appeal, it would be almost impossible to determine how the lack of a videotape of the examination affected the ability of petitioner's experts to evaluate the orthopedic examination, and perhaps, impeach the examiner. See Wilkins at 853 (presence of third party may avoid problem of disagreement between plaintiff and examiner concerning events at the examination, and many physical aspects of examination cannot be accurately recorded by court reporter); Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984) (if petitioner wants to be certain that the compelled examination is accurately preserved, petitioner has that right).
We conclude Lunceford has established both that the trial court departed from the essential requirements of law in prohibiting the videotaping without any evidence of valid, case-specific objections, and that the trial court's order causes irreparable harm. Therefore, we grant the petition for certiorari and quash the trial court's order.
PETITION GRANTED; WRIT ISSUED; TRIAL COURT'S ORDER QUASHED.
GRIFFIN, C.J., PETERSON and THOMPSON, JJ., concur.