928 So.2d 455 (2006)
James BYRD, Petitioner,
v.
SOUTHERN PRESTRESSED CONCRETE, INC., Respondent.
No. 1D05-5370.
District Court of Appeal of Florida, First District.
May 2, 2006.
*456 Paul M. Anderson and Stephen M. Fernandez of Anderson & Associates, P.A., Tallahassee, for Petitioner.
D. Ross McCloy, Jr., and Kevin D. Obos of Harrison, Sale, McCloy & Thompson, Chtd., Panama City; Louis C. Norvell of Hand Arendall, L.L.C., Mobile, AL, for Respondent.
WEBSTER, J.
By a petition for a writ of certiorari, James Byrd seeks review of a protective order entered by the trial court prohibiting his attorney from attending (albeit out of Byrd's sight) a psychological examination of Byrd to be conducted by a neuropsychologist retained by Southern Prestressed Concrete. Because we conclude that the order constitutes a departure from the essential requirements of law resulting in material injury that cannot be remedied by appeal following entry of a final order, we grant the petition and quash the order to the extent it prohibits Byrd's attorney from attending the examination.
Byrd was injured in a multi-vehicle collision that also resulted in two fatalities. He sued Southern Prestressed, alleging that he sustained physical and psychological injuries as a result of the negligence of an employee of Southern Prestressed who was driving one of Southern Prestressed's tractor-trailers at the time of the incident. Southern Prestressed requested that Byrd submit to a psychological examination pursuant to Florida Rule of Civil Procedure 1.360, to be conducted by neuropsychologist Dr. Harold H. Smith, Jr. After the examination had been scheduled, Byrd's attorney notified Southern Prestressed's attorney that he intended to attend and monitor the examination, but would remain out of his client's sight. Southern Prestressed responded by filing a motion seeking a protective order that would prohibit either monitoring by any third-party observer or electronic recording. The motion was accompanied by an affidavit *457 from Dr. Smith and other materials intended to support the proposition that the presence of either a third-party observer or an electronic recording device would distort Smith's evaluation. After a hearing at which the attorneys argued their respective positions but no evidence was presented, the trial court entered an order prohibiting any third-party observer from attending, but permitting an "unobtrusive and non-distracting" use of "digital audio electronic" equipment to record the examination. By his petition in this court, Byrd asks us to quash that portion of the order prohibiting the attendance of his attorney.
As our supreme court has told us, "[i]t is well settled that to obtain a writ of certiorari, there must exist `(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (quoting from Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002)). A ruling constitutes "a departure from the essential requirements of the law" when it amounts to "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983). When considering a petition for writ of certiorari on the merits, a court has only two optionsit may either deny the petition or grant it, and quash the order at which the petition is directed. It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order. See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843-44 (Fla.2001) (citing cases).
Byrd contends that the trial court's order violates the established principle of Florida law that parties are entitled to have an attorney present at examinations conducted pursuant to Florida Rule of Civil Procedure 1.360 unless the party seeking to prevent the attorney's presence establishes (1) a case-specific reason why the attorney's presence would disrupt the examination and (2) that no other qualified individual in the area would be willing to conduct the examination with the attorney present. Southern Prestressed responds that the principle of law upon which Byrd relies applies only to physical examinations. It strongly implies that there is no "Florida case which specifically establishes a test to determine whether [Byrd's] counsel has the right to attend a psychological evaluation" and that, therefore, by logical extension, the trial court's ruling may not be viewed as a departure from the essential requirements of law.
Southern Prestressed does not take issue with the proposition that well-established Florida law entitles a party who is required pursuant to rule 1.360 to submit to a physical examination to have his or her attorney present unless the party seeking to prevent the attorney's presence establishes (1) a case-specific reason why the attorney's presence would disrupt the examination and (2) that no other qualified individual in the area would be willing to conduct the examination with the attorney present. Although technically dicta because the issue presented was whether an insured seeking personal injury protection benefits was permitted to have an attorney present at a compulsory medical examination scheduled by the insurer, in U.S. Security Insurance Company v. Cimino, 754 So.2d 697 (Fla.2000), our supreme court expressed its opinion that such was the case. There, the court held that the same "liberal posture" adopted by Florida courts when considering whether attorneys should be permitted to attend rule 1.360 and workers' compensation examinations should apply to compulsory personal injury *458 protection medical examinations. Id. at 700-01. In doing so, the court cited with approval two Second District Court of Appeal decisions holding that the party seeking to prohibit the attorney's presence must provide evidence of "a case-specific reason why an attorney's attendance would disrupt the examination" and "prove, at an evidentiary hearing conducted by the trial court, that no other qualified physician in the area would be willing to perform the exam with the third party present." Id. at 701 n. 5 (citing Wilkins v. Palumbo, 617 So.2d 850, 854 (Fla. 2d DCA 1993) and Broyles v. Reilly, 695 So.2d 832, 834 (Fla. 2d DCA 1997)). Although the court was clearly aware that other jurisdictions employed different approaches (id. at 700 n. 4), it concluded that, "by allowing the examination to be observed by a third party or videotaped, the potential for harm to either party is reduced, not increased." Id. at 702.
Neither party has cited any Florida appellate cases applying this well-established principle to compulsory psychological or psychiatric examinations. In fact, Southern Prestressed goes so far as to imply that no such decisions exist. However, our independent research has discovered three such appellate opinions, all of which granted petitions seeking certiorari and quashed orders prohibiting third parties from being present during the examinations.
In Brompton v. Poy-Wing, 704 So.2d 1127 (Fla. 4th DCA 1998), the Fourth District quashed a trial court order in a medical malpractice case which had granted the defendants' motion for a protective order to prohibit plaintiffs' attorney from attending a court-ordered neuropsychological examination of one of the plaintiffs. Relying on Broyles and on Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986), the court said that "`[t]he burden of proof rests with the party opposing third party attendance to show why the court should deny the examinee's right to have counsel, a physician or other representative present.'" Id. at 1128 (quoting from Bartell, 498 So.2d at 1379). The court also said that the affidavit of the examining psychologist which had been offered in support of the motion was insufficient because of its conclusory, general nature. In doing so, it cited Broyles and Wilkins for the proposition that "affidavits opposing the presence of third parties should contain case-specific justifications...." Brompton, 704 So.2d at 1128. The Fourth District also quashed a trial court order requiring two minor plaintiffs to submit to compulsory psychiatric examinations without the attendance of their attorney, mother and some means of recording in Palank v. CSX Transportation, Inc., 657 So.2d 48 (Fla. 4th DCA 1995), relying in part on Bartell and concluding that the defendant had failed to present sufficient evidence to carry its burden.
In Freeman v. Latherow, 722 So.2d 885 (Fla. 2d DCA 1998), the plaintiff in a personal injury action sought a writ of certiorari quashing a trial court order directing her to submit to a compulsory neuropsychological examination without the attendance of either her attorney or a videographer. Freeman is of particular interest because the examiner chosen by defendants was the same Dr. Smith who has been chosen by Southern Prestressed in this case. The court said:
In this district, Broyles is the primary case addressing the presence of videographers and attorneys at compulsory medical examinations. Broyles held that the burden of proof to show why counsel and a videographer or court reporter should not be present at a plaintiff's compulsory medical examination is on the party opposing their presence. To satisfy this burden, the examining *459 doctor must provide case-specific reasons why their presence would disrupt the examination. Once this test is satisfied, the party seeking to exclude third persons from the examination must prove at an evidentiary hearing conducted by the trial court that no other qualified physician can be located in the area who would be willing to perform the examination....
Id. at 886 (citing Broyles, 695 So.2d at 834, which the court noted had, in turn, cited Wilkins v. Palumbo). While recognizing that "Broyles and its predecessors addressed compulsory medical examinations of physical injuries rather than psychiatric examinations," the court nevertheless applied the Broyles test, noting that "[t]he Fourth District ha[d] applied th[at] test to neuropsychological examinations." Id. (citing Brompton v. Poy-Wing). The court then concluded that defendants had not satisfied the first part of the Broyles test because Dr. Smith's testimony "did not provide case-specific reasons why the presence of a video camera in the interview room, with counsel and the videographer monitoring the taping in an adjacent room, would be disruptive." Id. It consisted, instead, of broad generalizations and conclusions. Id. The court further concluded that defendants had failed to satisfy the second part of the Broyles test because they presented no evidence "that there was no other qualified doctor in the area who would be willing to perform the examination" subject to the conditions requested by the plaintiff. Id. at 887.
Based upon the preceding discussion, we conclude that it is an established principle of Florida law that parties are entitled to have an attorney present at examinations conducted pursuant to Florida Rule of Civil Procedure 1.360, regardless of whether the examination is a physical, psychiatric or psychological one, unless the party seeking to prevent the attorney's presence establishes (1) a case-specific reason why the attorney's presence would disrupt the examination and (2) that no other qualified individual in the area would be willing to conduct the examination with the attorney present. As is clear from the supreme court's opinion in Cimino as well as from numerous district court opinions, the purpose underlying this principle of law is to protect plaintiffs from improprieties that might otherwise be committed by the examiners, who are retained by the defendant and who frequently end up testifying as expert witnesses on behalf of the defendant. U.S. Sec. Ins. Co. v. Cimino, 754 So.2d at 701-02 (noting, among other things, that "[t]he concerns of physicians for conducting examinations without the distraction of third persons cannot outweigh the [examinee's] rights"). Accord Chavez v. J & L Drywall, 858 So.2d 1266, 1268-69 (Fla. 1st DCA 2003); Wilkins v. Palumbo, 617 So.2d at 852-53; Toucet v. Big Bend Moving & Storage, Inc., 581 So.2d 952, 953-54 (Fla. 1st DCA 1991); Bartell v. McCarrick, 498 So.2d at 1379-80.
As was true of his testimony in Freeman, Dr. Smith's affidavit in this case provides no "case-specific reason" why the presence of Byrd's attorney would disrupt or distort the examination. The affidavit relies, instead, on representations regarding the "standard of practice among neuropsychologists," references to texts and conclusory statements. Accordingly, Southern Prestressed failed to satisfy the first part of the applicable test. However, even if this were not the case, Southern Prestressed made no effort to satisfy the second part of that test because it presented no evidence to suggest that no other qualified individual in the area would be willing to conduct the examination with Byrd's attorney present. *460 In fact, at the hearing in the trial court Byrd's attorney represented without contradiction that there were at least two other qualified individuals in the area who were willing to perform examinations under such circumstances. As a result, we conclude that Byrd has demonstrated that, to the extent the trial court's order prohibits Byrd's attorney from being present, the order constitutes a departure from the essential requirements of the law which, unless corrected, will result in material injury for the remainder of the case.
To be entitled to the relief he requests, however, Byrd must also demonstrate that the injury is one that cannot be corrected by an appeal after the entry of a final order disposing of the case at the trial level. On this point, we agree with the Fifth District's conclusion in Lunceford v. Florida Central Railroad Co., 728 So.2d 1239, 1241 (Fla. 5th DCA 1999), that such an order will cause irreparable harm because it would be virtually impossible in an appeal following entry of a final order to demonstrate how the absence of the requested third party affected the outcome of the examination. See also Taylor v. Columbia/HCA Doctors Hosp., 746 So.2d 1244, 1245 (Fla. 1st DCA 1999) (stating that, "[i]n the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal"). Accordingly, we further conclude that Byrd has demonstrated that the injury is one that cannot be corrected by an appeal after the entry of a final order disposing of the case at the trial level. We note that virtually all of the cases discussed in this opinion reached the appellate court by a petition for a writ of certiorari.
We grant the petition for a writ of certiorari and quash the trial court's order to the extent it prohibits Byrd's attorney from being present (albeit out of Byrd's sight) at the psychological examination. As the court said in Cimino, "[o]f course, the attorney's presence during the examination is premised upon a requirement that the attorney not interfere with the doctor's examination." 754 So.2d at 701. Should such interference occur, appropriate steps may be taken by the trial court to afford the doctor a reasonable opportunity to complete his examination. See Bartell v. McCarrick, 498 So.2d at 1380.
PETITION FOR WRIT OF CERTIORARI GRANTED.
BARFIELD, J., concurs; BENTON, J., concurs in result.