953 So.2d 624 (2007)
Marion GROOMS and Linda Grooms, Petitioners,
v.
SERVICE MAX DELIVERY AND INSTALLATION, INC., Respondent.
No. 1D06-5741.
District Court of Appeal of Florida, First District.
March 28, 2007.
*625 C. Phil Hall and Joseph A. Zarzaur of McKenzie, Zarzaur & Hall, P.A., Pensacola, for Petitioners.
Stephanie W. Ritt and Albert M. Guemmer of Guemmer & Seymour, Tampa, Attorneys for Respondent.
THOMAS, J.
In this petition for writ of certiorari, Petitioners argue that the trial court departed from the essential requirements of the law when it granted Respondent's motion to allow a compulsory neuropsychological examination without a videographer *626 present. We agree with Petitioners and grant the petition.

Factual and Procedural Background
Petitioners filed a negligence action against Respondent alleging that Marion Grooms suffered physical and psychological injuries as a result of Respondent's negligence. The trial court granted Respondent's motion, filed pursuant to rule 1.360(a)(1), Florida Rules of Civil Procedure, compelling Mr. Grooms to submit to a compulsory neuropsychological examination. Mr. Grooms requested that a videographer record the examination. Because Respondent's selected neuropsychologist objected to the presence of a videographer, Respondent filed a motion to allow the examination without a videographer present.
The trial court conducted an evidentiary hearing on Respondent's motion, at which Respondent's selected neuropsychologist testified that he objected to the presence of a videographer on the following grounds: (1) his professional standards did not permit this; (2) the presence of a third party would compromise test security and render the examination invalid; and (3) a previous examination was compromised by a videographer's presence. The neuropsychologist further testified that his reasons for refusing to allow the videographer applied to any patient.
The trial court granted Respondent's motion, finding that the presence of a third party would be disruptive and possibly invalidate the examination. The court further found that "there is no evidence that any other professional is available to conduct the test with a videographer present."

Legal Analysis
To obtain a writ of certiorari, a party must show that the trial court's ruling is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on postjudgment appeal." Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002)). A trial court departs from the essential requirements of the law when it does not comply with the two-prong test to exclude a third party from a compulsory medical examination. Lunceford v. Fla. Cent. R.R. Co., Inc., 728 So.2d 1239, 1241 (Fla. 5th DCA 1999).
A party seeking to exclude an observer from a compulsory medical examination must first provide case-specific reasons the examining physician objects to the third party's presence. Byrd v. S. Prestressed Concrete, Inc., 928 So.2d 455, 458-59 (Fla. 1st DCA 2006); Broyles v. Reilly, 695 So.2d 832, 834 (Fla. 2d DCA 1997). Once this test is satisfied, the party seeking to exclude the observer must prove at an evidentiary hearing that no other qualified physician can be located in the relevant geographic area who would perform the examination with the observer present. Byrd, 928 So.2d at 459 (citing Freeman v. Latherow, 722 So.2d 885, 886 (Fla. 2d DCA 1998)). The party seeking to exclude the observer bears the burden of persuasion to show why the observer should not be present. Broyles, 695 So.2d at 833.
Respondent failed to present any case-specific reasons why the videographer should be excluded from the examination. The neuropsychologist's reasons included his standards of practice, which this court has previously held does not constitute a case-specific reason. Byrd, 928 So.2d at 459. Additionally, a conclusory, general allegation that a third party's presence will render an examination invalid is not a case-specific reason to exclude a third party. Brompton v. Poy-Wing, M.D., 704 *627 So.2d 1127, 1128-29 (Fla. 4th DCA 1998). Finally, a previous exam which was disrupted by a third party's presence is not a case-specific reason to exclude a third party when no evidence is presented that a similar disruption will occur here. See Freeman, 722 So.2d at 886.
Respondent also failed to carry its burden to demonstrate that no other qualified neuropsychologists could be located who would perform the examination with a videographer present. As the trial court acknowledged, counsel's representation that another doctor could not be located did not constitute evidence, and Petitioners' counsel never agreed to counsel's representation.
We grant Petitioner's petition for writ of certiorari and quash the trial court's order. On remand, Respondent may present more detailed, fact-specific reasons why its selected neuropsychologist cannot examine Mr. Grooms with a videographer present and it may present evidence that no other qualified physician would be willing to conduct the examination with a videographer present. See Freeman, 722 So.2d at 887.
Petition for writ of certiorari GRANTED.
HAWKES and ROBERTS, JJ., concur.