964 So.2d 773 (2007)
FLORIDA DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
Normandy PICCOLO, Respondent.
No. 2D06-4685.
District Court of Appeal of Florida, Second District.
September 7, 2007.
*774 Cheryl J. Lister and Paul M. Quin of Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A., Tampa, for Petitioner.
R. Wayne Miller, Temple Terrace, for Respondent.
Jeffrey R. Fuller of Brasfield, Fuller, Freeman, & O'Hern, St. Petersburg, for Amicus Curiae Group Protecting the Integrity of Psychological Examinations.
DAVIS, Judge.
The Florida Department of Transportation (DOT), the defendant below, petitions for certiorari review of the trial court's interlocutory order denying its motion to modify the trial court's protective order detailing the conditions of a compulsory medical examination (CME) of Normandy Piccolo, the plaintiff below. We deny the petition.
After being involved in an automobile accident, Piccolo filed a negligence action against the other party to the accident and an action for negligent road design against DOT. In her complaint, Piccolo sought damages for mental anguish, bodily injury, loss of capacity for enjoyment of life, and related expenses and losses. DOT filed a request for a neuropsychological examination of Piccolo to determine any psychological and emotional difficulties caused by the accident. Piccolo agreed to the request, and an initial hearing was held to determine the conditions under which the examination would take place. Following that hearing, the trial court granted the request and issued a protective order that specified the terms of the examination. Included in the protective order was the provision that a videotape would be made of the examination and delivered to counsel for Piccolo. The order specifically limited the use of the videotape to the Piccolo case and required that at the close of litigation, including any appeal, any copies filed with the court would be returned to counsel for DOT, who in turn could give the copies to the neuropsychologist who performs the examination. However, the order also provided that Piccolo's counsel would maintain a copy of the videotape in his files upon the completion of the litigation. It is this provision that DOT sought to modify.
DOT requested that the trial court require Piccolo's counsel to return to the examiner the videotape or any copy in his possession upon the completion of the litigation. At the hearing on the motion, the neuropsychologist that DOT secured to *775 perform the examination of Piccolo, Dr. Glenn Larrabee, testified that he would not perform the examination unless the court required that the tape and all copies be returned to him at the close of litigation. Dr. Larrabee explained that the nature of a neuropsychological examination is such that it is essential that an examinee not be provided the questions to be asked and the protocol to be followed prior to the examination. He opined that should a copy of an examination remain with an attorney after the completion of litigation, it could be used to prepare other clients to take such examinations, thereby compromising the results of future examinations. According to Dr. Larrabee, because the questions used in a standard neuropsychological examination have required extensive effort to develop, a proprietary interest exists that must be protected. He also referenced the code of ethics adopted by his professional association that indicates that such materials should not be given to those not certified as neuropsychologists and that any such videotapes should be returned to the examiner.
Additionally, DOT presented affidavits that indicated that other neuropsychologists in Central Florida were of the same opinion and would not perform the CME under the conditions of the protective order. Accordingly, DOT argued that denying its motion to modify the protective order was tantamount to denying it the opportunity to defend the case.
The trial court denied the requested modification, finding that the protective order's confidentiality limitations with respect to the attorney's use of the videotape during and after litigation were sufficient to meet Dr. Larrabee's concerns. It is this order denying the requested modification that DOT now challenges.
For this court to grant certiorari and quash a trial court's order, the petitioner must demonstrate that (1) the order departs from the essential requirements of law (2) resulting in a material injury (3) that cannot be remedied on direct appeal. McGarrah v. Bayfront Med. Ctr., Inc., 889 So.2d 923 (Fla. 2d DCA 2004). Additionally, the type of departure that will justify the issuance of a writ of certiorari is more than simple legal error. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla. 2003) ("A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice."). Because we conclude that DOT has failed to establish that the trial court's order departs from the essential requirements of law resulting in a miscarriage of justice, we deny the petition.
This issue is the latest in a series of issues that has evolved from the forensic use of neuropsychologists. Due to the kinds of concerns expressed by Dr. Larrabee at the hearing before the trial court, neuropsychologists initially refused to perform such exams if a third party was present or if the exam was videotaped. See Broyles v. Reilly, 695 So.2d 832 (Fla. 2d DCA 1997); Brompton v. Poy-Wing, 704 So.2d 1127 (Fla. 4th DCA 1998). As the result of litigation interpreting and applying Florida Rule of Civil Procedure 1.360(a)(3), which gives the trial court the discretion to establish the rules for such examinations, it has become well established in this district that such exams may be videotaped and that third parties may be present. Broyles, 695 So.2d 832. However, the issue of who may maintain a copy of the videotape after the completion of the litigation has not been, to our knowledge, previously litigated. Thus there is no clearly established law on this matter.
Although we cannot see why it would be essential for Piccolo's trial counsel to maintain a copy of such a tape in his *776 files until the destruction of the files, we cannot conclude that the trial court departed from an established principle of law by allowing him to do so. Rule 1.360(a)(3) gives the trial court the discretion to determine the conditions of the examination. The trial court considered the professional concerns of DOT's expert and addressed them by placing specific limits on the use of the tape by counsel. To find that this was a departure from the essential requirements of law would require us to conclude that such limits are ineffective and that trial counsel would improperly use the videotape. We decline the invitation to reach such a conclusion. The trial court's protective order is a reasonable attempt to address the concerns raised by Dr. Larrabee.
DOT further argues that the trial court's order is a denial of due process since the record indicates that as a result DOT may not be able to obtain an examination by a neuropsychologist. Although DOT suggested that because Piccolo had available the testimony of a neuropsychologist, it also needed the testimony of a neuropsychologist to respond to Piccolo's expert, the record shows that such was not the case. The expert that Piccolo had contacted was a psychiatrist, not a neuropsychologist. The record does not disclose that psychiatrists, neurologists, and psychologists share the same types of concerns that Dr. Larrabee testified neuropsychologists have with regard to the administration of examinations. Accordingly, DOT is not precluded from seeking the assistance of other qualified experts for the presentation of its case.
Because DOT has failed to demonstrate that the trial court's order departs from the essential requirements of law, we deny the petition.
Denied.
WHATLEY, J., Concurs.
WALLACE, J., Concurs specially with opinion.
WALLACE, Judge, Specially concurring.
In my view, the better course would have been for the trial court to have granted DOT's request to require Piccolo's counsel to return the videotape or any copy in his possession to the examining neuropsychologist upon the completion of the litigation. Piccolo's attorney did not establish that he had a genuine need to retain a copy of the videotape once the case was closed. On the other hand, DOT did show that the neuropsychologist had well-founded reasons for insisting on the return of the videotape after the litigation had been concluded. See generally Paul M. Kaufmann, Protecting the Objectivity, Fairness, and Integrity of Neuropsychological Evaluations in Litigation: A Privilege Second to None?, 26 J. Legal Med. 95 (2005); Nola Nouryan & Martha S. Weisel, When Ethics Collide: Psychologists, Attorneys and Disclosure, 36 Cal. W.L.Rev. 125 (1999). It appears from our record that the denial of DOT's request will make it impossible for the agency to obtain the services of a clinical neuropsychologist to examine Piccolo. I disagree with the majority's suggestion that this is unimportant because DOT can arrange for Piccolo to be examined by a professional from a different discipline.
Many years ago, the United States Supreme Court recognized the psychological profession's legitimate interest in preserving the security of test materials. See Detroit Edison Co. v. NLRB, 440 U.S. 301, 313-15, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979). The trial court's order fails to strike a proper balance between this legitimate interest and Piccolo's interest in effective *777 legal representation. Nevertheless, as the majority correctly concludes, DOT cannot demonstrate that the trial court's order departs from the essential requirements of law. For this reason, I concur in the denial of DOT's petition.