*433
 
 NORTHCUTT, Judge.
 

 Stephanie Gaskins, the plaintiff in the action below, has petitioned for a writ of certiorari quashing a circuit court order that requires her to attend a compulsory vocational rehabilitation examination.
 
 [1]
 
 The order provides that the examination may be recorded by use of an unattended videotape or audiotape machine, but it prohibits the presence of any third persons, such as a videographer or Gaskins’s attorney. We grant the petition and quash the order compelling the examination with limitations.
 

 Christopher Canty, a defendant in the action, sought to have Gaskins examined pursuant to Florida Rule of Civil Procedure 1.360. Gaskins responded that she would appear for the examination accompanied by her counsel or a videographer. Canty then filed a motion to compel the examination with limitations and attached the affidavit of his proposed examiner, who asserted that: (1) the examination involved timed testing that could not be interrupted by the changing of videotapes; (2) the presence of a videographer could negatively affect the examination; and (3) “numerous psychological literature with empirical studies and analyses” show that observation may affect an event. The circuit court held a hearing on the motion, but no additional evidence concerning the proposed limitations was presented. After the hearing, the court entered the order under review.
 

 Florida courts follow the liberal view when determining whether attorneys and other third persons may attend examinations.
 
 US. Sec. Ins. Co. v. Cimino,
 
 754 So.2d 697, 700-01 (Fla.2000). Thus, parties in civil suits are generally entitled to have attorneys, videographers, or court reporters attend when they are compelled to submit to examinations.
 
 Maraman v. State,
 
 980 So.2d 1096, 1098 (Fla. 2d DCA 2008);
 
 Broyles v. Reilly,
 
 695 So.2d 832, 833 (Fla. 2d DCA 1997). The party opposing a third person’s presence at an examination has the burden to establish case-specific reasons why such attendance would disrupt it. If that burden is met, the party must then show that no other examiner in the area would conduct an examination with a third party present.
 
 Freeman v. Latherow,
 
 722 So.2d 885, 886 (Fla. 2d DCA 1998);
 
 Broyles,
 
 695 So.2d at 834.
 

 Canty met neither of his burdens. While the affidavit was somewhat case specific, it discussed a “rehabilitation examination.” The parties agreed at the hearing to a “life plan” examination because Mrs. Gaskins had dropped her claim for future lost wages. The proposed examiner was not present at the hearing and thus did not provide any evidence concerning the specifics of a “life plan” examination or why the presence of a third person would disrupt such an examination. And even if Canty had met this burden, he presented no evidence at all concerning the second prong, i.e., that no other examiner would conduct the examination with the third person present.
 

 Accordingly, we grant Gaskins’s petition and quash the circuit court’s order. If Canty continues to perceive a need for a limited examination he may file an appropriate motion and present additional evidence in an attempt to satisfy the burdens discussed in this opinion.
 

 Petition granted; order quashed.
 

 SILBERMAN and MORRIS, JJ„ Concur.
 

 [1]
 

 . At the hearing, the scope of the examination was narrowed to a "life plan” examination.